# N. Y. SUPERIOR COURT.

## Gustave Ludewig agt. Eva Pariser, &c.

*Examination of parties before trial — Code of Civil Procedure, sections 872, 873, 880.*

The examination of a party to an action before trial, at the instance of an adverse party, under section 870, *et seq.*, of the Code of Civil Procedure, is a matter of absolute right, and no longer rests in discretion.

*Special Term, March,* 1878.

Motion by defendants to vacate an order heretofore made, requiring them to appear and be examined and make depositions in the above action.

*Goff & Pollock,* for defendants.

*Robert H. Pollock,* for plaintiff.

Sandford, *J.* — The affidavit upon which the order for the examination of the defendants was made sets forth the names and residences of all the parties to the action, and that the defendants have not appeared; the nature of the action, the substance of the cause of action, the names and residences of the persons to be examined; that the testimony of such persons is material and necessary to the prosecution of the action, and that the persons to be examined are parties to the action. These are all the requisites to the affidavit which, under the provisions of section 872 of the Code of Civil Procedure, must be presented to the judge by a person desiring

Ludewig agt. Pariser.

to take the deposition of his adversary in a pending action. By section 873 the judge to whom such an affidavit is presented must grant an order for the examination if an action is pending; and by section 880 the judge or referee taking the deposition must insert therein every answer or declaration of the person examined which either party requires to be inserted. I am of opinion that these broad and sweeping provisions of law deprive the court of any discretion in regard to the examination of parties to suits by them, as parties, and make such examination a matter of absolute right. The argument *ab inconvenienti* is most forcible against allowing such an invasion of long-established rights and usages; but the inconvenience, the impolicy, the hardship and injustice of a law affords no warrant for its abrogation by the judiciary. The remedy is in the legislature, and not in the courts. The motion to vacate the order must be denied, and the examination must proceed.