FRANCIS A. FOGG, Respondent, *v.* CLINTON B. FISK, Appellant.

*Examination of a party before trial — sufficiency of the affidavits upon which the motion is made — privileges of the witness, as to refusing to answer, will be enforced by the court upon the examination — Code of Civil Procedure, sec. 872.*

Upon an application by the plaintiff for an order requiring the defendant to appear and submit to an examination before trial, it is not necessary that the affidavit should state explicitly that the plaintiff intended to produce the evidence so to be obtained as a part of the proof of his case upon the trial; it is sufficient if his intention so to do may be reasonably inferred from the statements therein contained.

The fact that the defendant will be privileged from testifying as to some of the matters as to which the plaintiff desires to examine him is not a reason for denying the application, as the court will, upon the examination, afford the witness such protection as he may be entitled to.

Appeal from an order made at Special Term, denying a motion to vacate an order directing the defendant to appear and be examined as a witness before trial.

The action was brought to recover damages occasioned by certain false and fraudulent representations made by the defendant in regard to the sale of certain mines and mining stock.

*Wheeler H. Peckham*, for the appellant.

*John R. Dos Passos*, for the respondent.

Daniels, J.:

The affidavit on which the order was made very fully complies with all the requirements prescribed by section 872 of the Code, unless that may be that contained in the fourth subdivision of this section. And the appeal has been taken for the reason that the affidavit was considered defective in this respect. That subdivision requires it to be shown by the affidavit that the testimony of the person to be examined is material and necessary for the party making the application, or prosecution, or defense of the action. And by the affidavit detailing the circumstances as to which proof will be required, which it is expected the defendant will be able to give, the materiality of the evidence desired to be obtained has, to a rea-

sonable certainty, been established, and the minute statements made upon this subject are followed by the further statement that, as deponent is advised by his counsel herein, and verily "believes the examination and testimony of said defendant Fisk, relative to the issues herein, are both material and necessary to the plaintiff for the prosecution of this action and for the trial thereof." From these statements it may reasonably be inferred that a *bona fide* intention exists on the part of the plaintiff to obtain the evidence of the defendant for the purpose of producing and using it as a part of the proof of his case upon the trial of the action.

It would undoubtedly have been better if this intention had been expressed in more direct terms, but as it may be gathered from the statements which have been made, the plaintiff is entitled to the benefit of such a construction.   It is undoubtedly true that the exercise of the authority in question should be carefully guarded, for in a large majority of instances, where the testimony of the adverse party is taken under such an order, the object is simply to discover what he may be able to state as the facts of the controversy, without any intention whatever to read the evidence upon the trial. And that practice it was not the purpose of this provision of the Code to permit.   But from the statements made in this affidavit it may reasonably be concluded that the object of the party is to obtain evidence in support of his own case, without which he will not be able to proceed to the trial of the action.   In this respect it differs from those contained in the case relied upon in support of the appeal.   For in *Beach* v. *Mayor, etc.* (4 Abb. N. C., 236), the object was to ascertain the names of witnesses who it might be expected would be produced upon the trial.   And in *Chapin* v. *Thompson* (16 Hun, 53) it was to discover simply what the defendant would probably swear to; and in  *Crooke* v. *Corbin* (23 Hun, 176) no fact or circumstance showing the examination to be material or necessary was specified.

The present case stands in favorable contrast with those which were determined by the courts in these and other instances.

It may be that as to some of the matters to which the examination is expected to be directed that the defendant will not be obliged to answer.   But if the examination should take that range, it will be the province of the court, when the testimony is taken, to afford

the witness the protection he may be entitled to under the rules of law applicable to that subject.

The order should be affirmed, with the usual costs and disbursements.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.