(4 Misc. Rep. 431.)

WOOSTER v. BATEMAN et al.

(Superior Court of New York City, General Term. July 3, 1893.)

1. APPEAL—WHAT REVIEWABLE—ORDER GRANTING BILL OF PARTICULARS.

An objection to the regularity or sufficiency of the affidavit on which an order was made to show cause why a motion for a bill of particulars should not be granted cannot be raised on appeal from the final order granting the motion, but should be addressed to the special term.

2. APPLICATION FOR ORDER—IRREGULAR AFFIDAVIT.

General Rules Prac. 25, provides that, if the affidavit in support of an ex parte application for an order omits to state whether any previous application therefor has been made, any order made on such application "may" be revoked. Held, that such omission is not an irregularity which compels the court to refuse the order, or to vacate it after it has been granted.

Appeal from special term.

Action by George H. Wooster against Horatio Bateman, impleaded, etc. From an order granting a motion for bill of particulars, plaintiff appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

W. T. B. Millikin, (Thos. B. Browning, of counsel,) for appellant.

Arnoux, Ritch & Woodford, (Wm. H. Arnoux, of counsel,) for respondent.

GILDERSLEEVE, J.　After a careful examination of the papers before us we are of opinion that the order appealed from should be affirmed.　While it may be fairly said that the defendants are familiar with the transactions out of which the plaintiff's claim arises, they are entitled to be informed of the particular damage for which a recovery is sought, or the items that go to make up the damage of $7,500, alleged in general terms in the complaint. With such information, surprise will be avoided.　The defendants can prepare to meet the plaintiff's claim, and the scope of the inquiry upon the trial will be reasonably restricted.　Such is the purpose of a bill of particulars.　The provisions of the order are reasonable, and in accordance with the prevailing decisions on the subject.

The learned counsel for the appellant contends that the order should be reversed because of the irregularity or insufficiency of the affidavit upon which the order to show cause was granted. But this appeal is not from the order to show cause.　It is from the final order of the special term granting the motion for a bill of particulars.　Any objections to the regularity of the papers upon which the order to show cause was granted should have been addressed to the special term.　In so far as the motion papers affect the final order of the special term, we are of the opinion that there is not any irregularity of sufficient importance to warrant a reversal of the order.　The learned counsel for the appellant states the alleged irregularities to be (1) that "the affidavit does not state that no previous application has been made for the order to show cause, as required by rule 25 of the general rules of practice;" and (2) that "the said affidavit does not state any facts showing that an order to show cause is necessary, and without such statement the appellant cannot be deprived of the usual notice of motion."　With regard to the first assignment of irregularity, the appellant's contention is not well taken.　Rule 25 of the general rules of practice provides that "whenever application is made ex parte, on affidavit, to a judge or court, for an order, the affidavit shall state whether any previous application has been made for such order," etc., "and for the omission to comply with this rule any order made on such application may be revoked or set aside."　But the failure to state that no previous application has been made is not an irregularity which compels the court to refuse to grant the order, or to vacate it after it has been granted.　Bean v. Tonelle, 24 Hun, 353.　In point of fact, moreover, the affidavit states that a previous application has been made and denied, but that leave was granted to renew the same upon proper affidavits.　With respect to the other assignment of irregularity, it will not be denied that the affidavit is insufficient under rule 37 of the general rules of practice and section 780 of the Code; but, as we have above intimated, this irregularity

only affects the order to show cause, and the objection should have been taken at the special term; and, as it was not taken, it must be held to have been waived. The order appealed from should be affirmed, with $10 costs and disbursements.