(10 Misc. Rep. 445.)

## PRATT v. BRAY et al.

(Superior Court of Buffalo, Special Term. December, 1894.)

**1. DISCOVERY—JURISDICTION OF COUNTY JUDGE.**

Code Civ. Proc. § 277, provides that "in an action or special proceeding brought in a superior city court, an order may be made without notice * * * by the county judge of the county where the court is situated or of the county where the attorney for the applicant resides in a case where a judge of the superior city court might make the same out of court and with like effect." *Held*, that the county judge may grant an order for the examination before trial of plaintiff in an action brought in a superior city court.

**2. SAME—IRREGULAR AFFIDAVIT.**

Failure of affidavit for examination of plaintiff before trial to state that no previous application had been made therefor as required by general rule of practice 25 is a mere irregularity, and does not affect the validity of the order.

Action by Charles Pratt against Walter Bray and others to set aside certain deeds as fraudulent. An application by defendants for an order for the examination of plaintiff before trial was granted by the county judge. Plaintiff now moves to set aside the order. Denied.

M. Fillmore Brown, for plaintiff.

M. A. Gearon and James R. Cox, for defendants.

TITUS, C. J. The plaintiff commenced an action against the defendants, in which he asks that certain deeds of conveyance of property in this city made by the defendant Stevenson to the defendant Mary E., his wife, be set aside as fraudulent as to the plaintiff. The plaintiff is a judgment creditor, having obtained judgment against Stevenson, and, executions having been returned by the sheriff unsatisfied, he asks that his judgment be declared a lien on this property, and paid out of the proceeds in case a sale should be ordered. No answer has yet been interposed by any of the defendants; but on the 12th day of November the defendants Bray, through their attorney, James R. Cox, of Auburn, Cayuga county, made application on affidavits to George Underwood, county judge of Cayuga county, for an order that the testimony of the plaintiff be taken before Louis

v.31 N.Y.S. no.5—30

W. Marcus, referee, named in the order for that purpose. The plaintiff now moves to set aside the order, on the ground, as stated by him in his affidavit, that the county judge of Cayuga county had no authority to grant the order, and on the ground that it does not appear in the moving affidavits to obtain the order that no other application had been made, as required by rule 25. The affidavit contains all of the averments which are required by the Code to authorize the court to grant an order in such cases. Code Civ. Proc. § 872; Ludewig v. Pariser, 4 Abb. N. C. 246. It has been held that, where the object of the examination is to disclose the evidence upon which a party intends to establish his case, an order will not be made, but, when the examination will tend to establish the applicant's cause of action or defense, it will be granted. Adams v. Cavanaugh, 37 Hun, 232. I think the county judge of Cayuga county properly granted this order. Section 872 of the Code provides that a party may present his affidavit "to a judge of the court in which the action is pending, or, if it is pending in the supreme court, to a county judge, or, if an action is not pending, but it is expected to be brought, to a judge of the supreme court or of a superior city court, or to a county judge." It will be seen that this section makes no provision for granting an order to examine a party by a county judge when the action is pending in a superior city court, but the party must present his application "to a judge of the court in which the action is pending." Section 772 does not seem to confer any additional authority upon county judges where the particular judge is specified in the statute who may make the order. It provides that "where an order in an action may be made by a judge of the court out of court and without notice, and the particular judge is not specially designated by law, it may be made by any judge of the court * * * or by the county judge of the county * * * in which the attorney for the applicant resides," clearly not intending to give power to county judges where a particular judge is specially designated, as appears to be the case in section 872, which provides that the application must be made to "a judge of the court in which the action is pending," if such action is pending in a superior city court. Section 277, which is found under the title of the Code relating to superior city courts, seems, however, to authorize the granting of the order in this case. It provides that, "in an action or special proceeding brought in a superior city court, an order may be made without notice * * * by the county judge of the county where the court is situated, or of the county where the attorney for the applicant resides, in a case where a judge of the superior city court might make the same out of court and with like effect." It seems to me that this language is broad enough to confer the necessary authority upon the county judge of Cayuga county to make the order which was made in this case. I have been unable to find any authority exactly in point, but the plain reading of the statute seems to be sufficiently explicit to admit of no serious doubt of the power of county judges, in cases of this character, to grant such an order.

I do not think the order is open to the objection which the plain-

tiff's counsel makes,—that it is "for the purpose of fishing." While it is not in all cases so easy to place a limitation where the courts will refuse an order for the reason that a party intends to possess himself of the evidence upon which another relies for the prosecution or defense of his action, the facts here presented seem to warrant an examination of the plaintiff to enable the defendant to make his defense. He alleges the testimony is necessary and material, which is in compliance with the statute; and from the affidavit it is evident that it may be important to him in forming his answer, and there does not appear to be anything to cast suspicion upon the purpose of the testimony, or that it is for a different purpose than the one stated in the moving papers. Fogg v. Fisk, 65 How. Pr. 351; Brisbane v. Brisbane, 20 Hun. 48.

The objection that the affidavit does not state whether any previous application for the order has been made, as required by rule 25, I do not think should be allowed to defeat this order. The rule provides that for an omission to comply with its requirements any order made on such application may be revoked or set aside, leaving it to the sound discretion of the judge or court to set it aside or not, as justice may require. The omission to comply with the rule was a simple irregularity, not absolutely entitling the plaintiff to a revocation of the order, and it would not, in my opinion, be just to the parties to set aside the order for that reason. The general term of the first department, on somewhat similar facts, refused to set aside an order, although the party had failed to comply with the requirements of rule 25 in that respect. I have examined the authorities cited by the learned counsel for the plaintiff with some care, and their application to the facts in the case, and they do not seem to bear out his contention. It is not necessary for the applicant to state in his moving papers that he intends to read the testimony taken under this order on the trial of the action. A party may be examined for other purposes than to perpetuate his testimony. In fact, the statute does not seem to contemplate that an examination of a party may be had for such a purpose, but to discover facts to enable him to prepare for the prosecution or defense of the action. I think, therefore, the motion made to vacate the order of the county judge of Cayuga county must be denied, with $10 costs to the defendant to abide the event of the action.