### WADSLEY v. HOUCK.

(Supreme Court, Appellate Division, Third Department. March 8, 1898.)

APPEAL AND ERROR—DISCRETIONARY ORDER.
   A motion to vacate a former order in a cause is addressed to the discretion of the court, and will not be reviewed on appeal where no abuse of such discretion is shown.

Appeal from special term, Albany county.

Action by Harriet Wadsley against Lansing Houck for damages for personal injuries. From an order denying plaintiff's motion to vacate an order previously made on her motion, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Smith O'Brien (J. Newton Fiero, of counsel), for appellant.
S. T. Hull, for respondent.

PER CURIAM. There are two appeals, in form at least, from an order or orders in this case, and the respondent moves to dismiss them upon several grounds. Upon the hearing on the application to dismiss, by consent of the respective counsel, the appeals, as well as the motions to dismiss, were submitted to us for disposition. The action was brought to recover damages for personal injuries inflicted upon the plaintiff by a horse owned by the defendant. At the trial, on the 20th May, 1897, at a trial court, an order was made, and duly entered, in which, after a recital that, after the impaneling of a jury, a motion was made by the counsel for the defendant to dismiss the complaint, upon the ground that the same did not state facts sufficient to constitute a cause of action, and that the court so decided, it was, on motion of the counsel for the plaintiff, ordered that the plaintiff be allowed to withdraw a juror, and that the cause go over the term, to enable the plaintiff to move at special term to amend the complaint, on condition that the plaintiff pay certain costs, and that, in default of such payment within a certain time, the complaint be dismissed, with costs.

On October 1, 1897, an order was made by the trial justice, in which, after a recital of the order of May 20, 1897, and that a motion had been made by the plaintiff to vacate and set it aside, which was brought on for argument at the chambers of the justice, it was ordered that the motion be denied. This order was entered on October 30, 1897, and on the 15th November, 1897, the plaintiff served a notice of appeal from this order to the appellate division. On the 29th December, 1897, a motion was made by the plaintiff, at a term held by the same justice, to resettle the order of October 1, 1897, by reciting therein the papers upon which the motion was heard. This was granted, and the order directed to be changed by prefixing a caption, and inserting therein, as the papers used, the summons, complaint, answer, and order of May 20th, and also showing that the motion to vacate the order of May 20th was originally made at the same trial term at which the said order was granted. The order of December 29th was entered January 10, 1898, and on the same day the plaintiff served a notice of appeal to the appellate division from the order of October 1, 1897, as amended by the order of 29th December, 1897, and from the whole of said orders. The order of May 20, 1897, was not appealed from. It was made upon the application of the counsel for the plaintiff. The grounds upon which it was sought to set aside that order are not stated. It apparently was an application for a rehearing or review of the matters determined upon the granting of the order of May 20th. Such an application is ordinarily addressed to the discretion of the judge. In Place v. Hayward, 100 N. Y. 626, 3 N. E. 199, it is said: "Whether a court shall modify or change an order already made by it is a question addressed to its discretion, and over its exercise an appellate court has no control."

Assuming, as claimed by the plaintiff, that the two appeals are in substance but one, and that one from the order of October 1st, as corrected or supplemented by the order of December 29th, no error is apparent in the action of the court in declining to vacate the order of May 20th. The plaintiff is hardly in a position to find fault with the terms imposed. The court had a discretion in that respect, and no abuse of such discretion is shown. Whether or not the trial court was right in deciding, as recited in the order, that the complaint did not state facts sufficient to constitute a cause of action is not, we think, before us for determination. We do not decide that question.

Orders affirmed, with $10 costs and disbursements on each appeal.