to encourage appeals from orders in these or like circumstances, or to interfere with the discretion of the court at special term.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.

---

(67 App. Div. 102.)

WALTHAM MFG. CO. v. BRADY et al.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

1. INTERLOCUTORY ORDER—APPEAL.

An order refusing to resettle a former order granting a motion to strike out certain parts of an answer, so as to require service of the amended answer on the plaintiff, is not appealable.

2. PLEADING—STRIKING OUT MATTER—RESERVICE.

Where an answer contained various separate defenses, the fourth of which was preceded by the formula "realleging, reasserting, and reiterating each and every allegation hereinbefore contained," and such formula was stricken out on motion, and also certain affirmative allegations incorporated in the fourth defense, service of the reformed pleading should be required, the changes being radical.

Appeal from special term, New York county.

Action by the Waltham Manufacturing Company against William A. Brady and others. From an order granting a motion to strike out certain parts of the answer, and from an order denying a motion to resettle said order, plaintiff appeals. Former order modified, and appeal from the latter order dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

F. V. Benjamin, for appellant.
A. J. Dittenhoefer, for respondents.

PATTERSON, J. The plaintiff appeals from two orders, by one of which its motion to strike out certain parts of the defendant's answer was granted; but no provision is contained in that order requiring the service by the defendant of an amended answer. The second order was made upon the denial of the plaintiff's motion to resettle the first by adding thereto the requirement that an amended answer be served. The appeal from the second order must be dismissed, as such an order is not appealable. Concerning the first order, it is quite evident that it should have contained a provision requiring the service of the amended answer. An examination of the pleading from which irrelevant and redundant matter was stricken out renders that apparent. Where a pleading is reformed as radically as was the answer in this case by the order of the court striking out certain parts of it, the reformed or substituted pleading should be served. The answer condemned in this case set up various separate defenses, the fourth of which was preceded by the formula "realleging, reasserting, and reiterating each and every allegation hereinbefore contained." That formula was stricken out, as were also certain affirmative allegations incorporated in the fourth defense. The plaintiff may desire to demur to what is left of the fourth defense, and cannot well do so with nothing to present to the

court but the answer as originally drawn and the order of the court striking out parts thereof.   The defendant should have been required to serve an amended answer, and the order granting the motion to strike out should be modified by inserting a proper provision requiring such service.

The appeal from the order to resettle order must be dismissed, with $10 costs.   The order striking out parts of the answer should be modified as above directed, with $10 costs and disbursements to the appellant.   All concur.