In re DIRECTORS OF NATIONAL GRAMOPHONE CORP. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  April 24, 1903.)

1. ORDER TO SHOW CAUSE—APPLICATION—IRREGULARITIES—RECITAL IN ORDER —PREJUDICE.
    The failure of an applicant for an order to show cause to comply with the requirement of rule 25, Gen. Rules Prac., that he shall state that no previous application for the order has been made, is a mere irregularity, and the omission, in the order made on such application, to recite that the application was objected to because of such failure, is not prejudicial to the objecting party.

2. AMENDMENT OF ORDER—DISCRETION—APPEAL.
    Where a court vacated an order by which it had directed a receiver to pay certain moneys, a motion to resettle the order of vacation is addressed to the discretion of the court, and its decision thereon will not be reversed where no substantial right of the appellant is affected thereby.

Appeal from Special Term, Westchester County.

Motion by Peter B. Olney and another to resettle an order which vacated an order directing the receiver of the National Gramophone Corporation of New York to pay them certain moneys.  From an order denying the motion, they appeal.  Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Noble Hayes (Leslie R. Palmer, on the brief), for appellants.
James F. Horan, for respondent.

WOODWARD, J.  On October 25, 1902, upon motion of the attorneys of the petitioning directors of the above-named corporation, an order was made at Special Term directing the permanent receiver of said corporation to pay out of the fund in his hands, as such receiver, to said attorneys, the sum of $1,762.32, "in payment of their services and disbursements in the matter of the dissolution of the Na-

tional Gramophone Corporation of New York to April 5, 1902." On November 12, 1902, the receiver presented to the same judge who made the order of October 25th his affidavit declaring that for certain reasons therein stated he could not with safety pay the amount directed to be paid by that order, asking the court's instructions in certain matters pertaining to the receivership, and praying for a stay of the order of October 25th until the determination of certain matters specified in said affidavit. Upon this affidavit and all the records and proceedings in said matter an order was made requiring the attorneys upon whose motion the order of October 25th was made to show cause, at a time and place therein stated, why an order should not be made as prayed for by said receiver. The motion under this order to show cause came on for hearing on January 6, 1903, before the same judge who made the order of October 25th. The attorneys to whom payment was directed by the order of October 25th appeared, and verbally opposed the granting of the prayer of the receiver, urging as a preliminary objection that the moving papers were fatally defective, in that they failed to state whether a previous application for the order had been made, as required by rule 25 of the General Rules of Practice. No affidavits were read or filed by the appellants. On January 6, 1903, an order was made, in response to the prayer of the receiver, vacating the order of October 25th, and directing payment of $750 to the attorneys to whom payment of $1,762.32 had been directed by the order of October 25th upon performance by them of certain conditions therein specified, "with leave" to the said attorneys "to make further application for an additional allowance of $1,000." On January 17, 1903, upon the return of an order to show cause, granted on the application of the attorneys claiming to be aggrieved by the order of January 6th, a motion to resettle said order was denied by the same judge who had made both of the previous orders. From this order denying resettlement this appeal is taken.

It is urged by the appellants that the recitals of the order of January 6th do not truthfully and fairly state the proceedings had upon the argument of the motion for said order; that certain proper recitals were omitted therefrom; that certain affidavits are therein referred to as having been read on said argument which were not served with the motion papers, nor in fact read at that time; and that the order as entered does not conform to the court's decision, and was improperly entered without notice of settlement. While it is true that preliminary or other formal objections taken upon the argument and ruled on by the court should ordinarily be recited in an order for purposes of review on appeal, we do not believe that the appellants were in any way prejudiced by the omission from the recitals of the order of January 6th of the objection relative to the receiver's failure to comply with rule 25. It has been repeatedly held that this defect is merely an irregularity. Bean v. Tonnelle, 24 Hun, 353; Skinner v. Steele, 88 Hun, 307, 34 N. Y. Supp. 748; Wooster v. Bateman, 53 N. Y. St. Rep. 562, 24 N. Y. Supp. 112; People ex rel. Brodie v. Cox, 14 N. Y. St. Rep. 632; Pratt v. Bray, 10 Misc. Rep. 445, 31 N. Y. Supp. 465. The order of January 6th, of which resettlement was refused, leaves the appellants free to make further application for the additional

amount to which they deem themselves entitled. It imposes no conditions that cannot easily be fulfilled, and affects no substantial right of the appellants. In substance it is quite as favorable to them as the order they themselves propose as a substitute.

No substantial right of the appellants being affected, this court cannot disturb the order appealed from. "Whether a court shall modify or change an order already made by it is a question addressed to its discretion, and over its exercise an appellate court has no control." Place v. Hayward, 100 N. Y. 626, 3 N. E. 199. To the same effect are Waltham Manufacturing Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; Wadsley v. Houck, 27 App. Div. 630, 50 N. Y. Supp. 167; Sexton v. Bennett (Sup.) 17 N. Y. Supp. 437. These decisions are not in conflict with Gleason v. Smith, 34 Hun, 547, and New York Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546. In these cases the orders appealed from were orders denying motions to resettle cases on appeal. From such orders appeals are expressly allowed by section 1347, subd. 1, of the Code of Civil Procedure. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur. HIRSCH-BERG, J., in result.