In the Matter of the Application of the Directors of the NATIONAL GRAMOPHONE CORPORATION OF NEW YORK for a Voluntary Dissolution.

PETER B. OLNEY and GEORGE CARLTON COMSTOCK, Copartners, Composing the Firm of OLNEY & COMSTOCK, Appellants; EUGENE V. DALY, Receiver of the NATIONAL GRAMOPHONE CORPORATION OF NEW YORK, Respondent.

*Motion — a failure to state whether a previous application has been made — it is a mere irregularity — refusal to allow a recital, in an order, of such objection — review of, on appeal.*

A failure to comply with rule 25 of the General Rules of Practice, which requires that the moving papers used upon an *ex parte* application for an order shall state whether a previous application for such order has been made, is a mere irregularity.

Preliminary or other formal objections, taken on the argument of a motion and ruled on by the court, should be stated in the order for the purposes of review; if, however, the order does not contain such a recital, the Appellate Division will not reverse an order denying a motion to resettle the order by inserting the recital unless it appears that the appellant has been prejudiced by the omission.

APPEAL by Peter B. Olney and another, copartners, composing the firm of Olney & Comstock, from an order of the Supreme Court, made at the Westchester Special Term, and entered in the office of the clerk of the county of Westchester on the 3d day of February, 1903, denying a motion to resettle an order dated January 6, 1903, which vacated an order entered in said clerk's office on the 25th day of October, 1902, directing the payment of certain moneys to them by the permanent receiver of said corporation.

*J. Noble Hayes* [*Leslie R. Palmer* with him on the brief], for the appellants.

*James F. Horan,* for the respondent.

WOODWARD, J. :

On October 25, 1902, upon motion of the attorneys of the petitioning directors of the above-named corporation, an order was made at Special Term directing the permanent receiver of said corporation to pay out of the fund in his hands, as such receiver, to said attorneys the sum of $1,762.32, " in payment of their services and disbursements in the matter of the dissolution of the National Gramophone Corporation of New York to April 5, 1902."

On November 12, 1902, the receiver presented to the same judge who made the order of October twenty-fifth, his affidavit declaring that for certain reasons therein stated he could not with safety pay the amount directed to be paid by that order ; asking the court's instructions in certain matters pertaining to the receivership, and praying for a stay of the order of October twenty-fifth until the determination of certain matters specified in said affidavit. Upon this affidavit and all the records and proceedings in said matter, an order was made requiring the attorneys upon whose motion the order of October twenty-fifth was made to show cause, at a time and place therein stated, why an order should not be made as prayed for by said receiver.

The motion under this order to show cause came on for hearing on January 6, 1903, before the same judge who made the order of October twenty-fifth. The attorneys to whom payment was directed by the order of October twenty-fifth appeared and verbally opposed the

granting of the prayer of the receiver, urging as a preliminary objec-
tion that the moving papers were fatally defective in that they failed
to state whether a previous application for the order had been made,
as required by rule 25 of the General Rules of Practice.    No affi-
davits were read or filed by the appellants.

.    On January 6, 1903, an order was made, in response to the prayer
of the receiver, vacating the order of October twenty-fifth, and
directing payment of $750 to the attorneys to whom payment of
$1,762.32 had been directed by the order of October twenty-fifth,
upon performance by them of certain conditions therein specified ;
" with leave " to the said attorneys " to make further application for
an additional allowance of $1,000."

On January 17, 1903, upon the return of an order to show cause
granted on the application of the attorneys claiming to be aggrieved
by the order of January sixth, a motion to resettle said order was
denied by the same judge who had made both of the previous orders.
From this order denying resettlement this appeal is taken.

It is urged by the appellants that the recitals of the order of
January sixth do not truthfully and fairly state the proceedings
had upon the argument of the motion for said order ; that certain
proper recitals were omitted therefrom ; that certain affidavits are
therein referred to as having been read on said argument which were
not served with the motion papers, nor in fact read at that time ; and
that the order as entered does not conform to the court's decision,
and was improperly entered without notice of settlement.    While it
is true that preliminary or other formal objections taken upon the
argument and ruled on by the court should ordinarily be recited in
an order for purposes of review on appeal, we do not believe that
the appellants were in any way prejudiced by the omission from the
recitals of the order of January sixth of the objection relative to
the receiver's failure to comply with rule 25.    It has been repeatedly
held that this defect is merely an irregularity.    (*Bean* v. *Tonnelle*,
24 Hun, 353 ; *Skinner* v. *Steele*, 88 id. 307 ; *Wooster* v. *Bateman*,
4 Misc. Rep. 431 ; 53 N. Y. St. Repr. 562 ; *People ex rel. Brodie*
v. *Cox*, 14 id. 632 ; *Pratt* v. *Bray*, 10 Misc. Rep. 445.)    The order
of January sixth of which resettlement was refused, leaves the appel-
lants free to make further application for the additional amount to
which they deem themselves entitled ; it imposes no conditions that

cannot easily be fulfilled, and affects no substantial right of the appellants. In substance it is quite as favorable to them as the order they themselves propose as a substitute.

No substantial right of the appellants being affected this court cannot disturb the order appealed from. "Whether a court shall modify or change an order already made by it is a question addressed to its discretion, and over its exercise an appellate court has no control." (*Place* v. *Hayward*, 100 N. Y. 626.) To the same effect are *Waltham Manufacturing Co.* v. *Brady* (67 App. Div. 102); *Wadsley* v. *Houck* (27 id. 630); *Sexton* v. *Bennett* (17 N. Y. Supp. 437). These decisions are not in conflict with *Gleason* v. *Smith* (34 Hun, 547) and *New York Rubber Co.* v. *Rothery* (112 N. Y. 592). In these cases the orders appealed from were orders denying motions to resettle cases on appeal. From such orders appeals are expressly allowed by section 1347, subdivision 1, of the Code of Civil Procedure.

The order appealed from should be affirmed.

GOODRICH, P. J., and HOOKER, J., concurred; HIRSCHBERG, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.