In the Matter of the Application of the Directors of THE NATIONAL GRAMOPHONE CORPORATION of NEW YORK for a Voluntary Dissolution.

PETER B. OLNEY and GEORGE CARLTON COMSTOCK, Copartners, Composing the Firm of OLNEY & COMSTOCK, Appellants; EUGENE V. DALY, as Receiver of THE NATIONAL GRAMOPHONE CORPORATION OF NEW YORK, Respondent.

*Order directing a receiver of a corporation to pay to the attorneys procuring its dissolution a certain sum for their services — the court may on the receiver's appliaction make a further order directing that only part thereof be immediately paid.*

The attorneys for the petitioners, in a proceeding instituted by the directors of a corporation for the voluntary dissolution thereof, procured an order requiring the permanent receiver to pay them the sum of $1,762.32 for their services and disbursements. Thereafter, on the receiver's application, the justice who made the order granted another order requiring the attorneys to show cause why the payment should not be stayed and why certain other relief should not be granted.

On the return of the order to show cause the court directed a rehearing of the entire matter, and, as a result of such rehearing, made an order setting aside the previous order directing the payment of the $1,762.32 by the receiver and directed that the attorneys should be presently paid only the sum of $750, but that they should have leave to make a further application for an additional allowance of $1,000.

*Held,* that the order on the rehearing should be affirmed;

That it was discretionary with the court to direct the receiver to pay to the attorneys presently the whole or only a portion of their claim;

That the court had power, on the return of the order to show cause, to direct a rehearing, and, as a result of such rehearing, to change the decision made on the original application.

APPEAL by Peter B. Olney and another, copartners, composing the firm of Olney & Comstock, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 8th day of January, 1903, vacating an order theretofore entered in said clerk's office confirming the report of a referee appointed in the above-entitled action.

*J. Noble Hayes,* for the appellants.

*James F. Horan,* for the respondent.

HIRSCHBERG, J.:

On the 25th day of October, 1902, the appellants, as attorneys for the petitioners in this proceeding, which was instituted for the voluntary dissolution of the corporation, procured an order requiring the permanent receiver to pay them the sum of $1,762.32 for their services and disbursements. Thereafter, on the receiver's application, an order was granted by the justice who made the prior order, requiring the appellants to show cause why such payment should not be stayed, why the receiver should not be instructed by the court in certain particulars relative to such payment and to the prosecution of an appeal from the order, etc., and why such further order should not be granted as to the court might seem just. On the return of the order to show cause the matter was heard on the papers only upon which it was granted, and before the same justice who granted the order of October 25, 1902. Being then of opinion on further examination of the papers that the appellants' entire claim should not be paid at the present time, the learned justice made the order now appealed from by which the order of October 25, 1902, is set aside, and the receiver is directed to pay to the appellants on their claim only the sum of $750, but with leave granted to them to make further application for an additional allowance of $1,000.

It is quite apparent that the change in the determination of the appellants' application for payment has been influenced by a doubt in the mind of the learned justice as to whether it would be safe for the receiver to pay the entire claim at present, in view of certain suits pending and contemplated, and in view of other matters not necessary to detail. The result reached was clearly within the discretion of the court. The appellants insist, however, that it was not within the power of the court to change its original determination on the hearing of the motion presented by the order to show cause, inasmuch as the relief finally granted was not within the contemplation of the motion and was in effect the rendering of a different decision upon the merits from that which was made on the previous hearing. The order appealed from recited that on the return of the order to show cause the court directed a resubmission of the whole matter covered by the order of October 25, 1902, and that the order appealed from was made on such resubmission. It

was certainly within the power of the court to direct such rehearing under the circumstances. The recital to the effect that he did so is conclusive of the fact if for no other reason because the appellants applied at the Special Term for a resettlement of the order by the striking out of this recital among others, and an order refusing such resettlement was affirmed by this court on appeal. (*Matter of National Gramophone Corporation*, 82 App. Div. 593.) The evidence in support of the appellants' claim was taken before a referee and is not returned in the present record, so that the merits of the application are not under review. There is sufficient in the papers to indicate reasonable ground for postponing the payment of a part of the claim until the accounts between the parties are so far adjusted as to make final payment safe and proper, and the action taken being within the jurisdiction of the court as represented by the justice by whom the first decision was rendered, the order should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.