### In re DIRECTORS OF NATIONAL GRAMOPHONE CORP.

(Supreme Court, Appellate Division, Second Department.   October 9, 1903.)

1. ORDER TO SHOW CAUSE—VACATING OF ORDER—REHEARING—POWER OF COURT.

On an order to show cause why an order directing the receiver of a corporation in proceedings for a voluntary dissolution to pay a claim should not be vacated, the court may direct a resubmission of the whole matter involved in the order directing the payment of the claim, and postpone the payment of a part of the claim until the accounts between the parties are so far adjusted as to make full payment proper.

Appeal from Special Term, Westchester County.

Proceedings for the voluntary dissolution of the National Gramophone Corporation of New York. From an order vacating an order entered October 25, 1902, directing the payment of a claim by the receiver of the corporation to Peter B. Olney and another, copartners, they appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Noble Hayes, for appellants.
James F. Horan, for respondent.

HIRSCHBERG, J. On the 25th day of October, 1902, the appellants, as attorneys for the petitioners in this proceeding, which was instituted for the voluntary dissolution of the corporation, procured an order requiring the permanent receiver to pay them the sum of $1,762.32 for their services and disbursements. Thereafter, on the receiver's application, an order was granted by the justice who made the prior order, requiring the appellants to show cause why such payment should not be stayed, why the receiver should not be instructed by the court in certain particulars relative to such payment and to the prosecution of an appeal from the order, etc., and why such further order should not be granted as to the court might seem just. On the return of the order to show cause, the matter was heard on the papers only upon which it was granted, and before the same justice who granted the order of October 25, 1902. Being then of opinion, on further examination of the papers, that the appellants' entire claim should not be paid at the present time, the learned justice made the order now appealed from by which the order of October 25, 1902, is set aside, and the receiver is directed to pay to the appellants on their claim only the sum of $750, but with leave granted to them to make further application for an additional allowance of $1,000.

It is quite apparent that the change in the determination of the appellants' application for payment has been influenced by a doubt in the mind of the learned justice as to whether it would be safe for the re-

ceiver to pay the entire claim at present, in view of certain suits pending and contemplated, and in view of other matters not necessary to detail. The result reached was clearly within the discretion of the court. The appellants insist, however, that it was not within the power of the court to change its original determination on the hearing of the motion presented by the order to show cause, inasmuch as the relief finally granted was not within the contemplation of the motion, and was, in effect, the rendering of a different decision upon the merits from that which was made on the previous hearing. The order appealed from recited that on the return of the order to show cause the court directed a resubmission of the whole matter covered by the order of October 25, 1902, and that the order appealed from was made on such resubmission. It was certainly within the power of the court to direct such rehearing under the circumstances. The recital to the effect that he did so is conclusive of the fact, if for no other reason because the appellants applied at the Special Term for a resettlement of the order by the striking out of this recital, among others, and an order refusing such resettlement was affirmed by this court on appeal. Matter of Gramophone Corporation, 82 App. Div. 593, 81 N. Y. Supp. 853.

The evidence in support of the appellants' claim was taken before a referee, and is not returned in the present record, so that the merits of the application are not under review. There is sufficient in the papers to indicate reasonable ground for postponing the payment of a part of the claim until the accounts between the parties are so far adjusted as to make final payment safe and proper; and, the action taken being within the jurisdiction of the court as represented by the justice by whom the first decision was rendered, the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.