## GAROFALO v. PRIVIDI et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. BAIL—ACTION AGAINST SURETIES—RETURN OF SHERIFF—CONCLUSIVENESS.
    In an action against the sureties on a bail bond, a return of "Not found" by the sheriff is conclusive, and cannot be questioned except as expressly authorized by statute.

2. SAME—DEFENSES—OFFER TO SURRENDER.
    Under Code Civ. Proc. § 599, prescribing the defenses in an action against the sureties on a bail bond, a mere offer to surrender the principal in exoneration after the surety's time to answer has expired is unavailable.

3. SAME—AMOUNT OF JUDGMENT—PENALTY OF BOND.
    In an action on a bail bond for the sum of $500, a judgment against the sureties for a sum in excess of such penalty was erroneous.

**4. SAME—APPEALABLE ORDERS.**

An order denying a motion to resettle another order is not appealable.

**5. SAME—NEW TRIAL—RESETTLEMENT OF ORDER—LEAVE.**

Where an order \ as made, denying a motion for a new trial on the minutes, it was not necessary to have such order resettled, so as to give defendant leave to apply for a new trial on grounds other than those mentioned in Code Civ. Proc. § 999, in order to enable defendant to make such an application to the court at Special Term.

**6. SAME—NEW TRIAL.**

Where, in an action on a bail bond, the sureties' acts in attempting to surrender their principal in execution were insufficient, the fact that such acts were performed on the advice of their former attorney of record constituted no ground for a new trial, in the furtherance of justice, after judgment against them for the amount of the bond.

**7. SAME—DENIAL OF MOTION—GROUNDS—HARMLESS ERROR.**

Where no valid ground existed on which sureties on a bail bond could be released from a judgment against them if a motion for a new trial was granted, and, if the facts alleged by them were true, they had an adequate remedy against the sheriff, the denial of a motion for a new trial on an erroneous ground was harmless.

Appeals from City Court of New York, Trial Term.

Action by Girolamo Garofalo against Joseph Prividi and others. From a City Court judgment in favor of plaintiff, and from an order denying defendants' motion on the minutes for a new trial, and also from an order denying defendants' motion for a resettlement of the order first mentioned, and from an order of the Special Term of the City Court denying defendant's motion for a new trial made on affidavits and a case made, settled, and signed, defendants appeal. Judgment modified. Order denying new trial affirmed. Appeal from order denying motion for resettlement dismissed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Charles W. Dayton and Joseph E. Bullen, for appellants.
Palmieri & Wechsler, for respondent.

FREEDMAN, P. J. This action is brought on an undertaking given by the defendant Prividi, as principal, and the defendants Bozzuffi and Rafanelli, as sureties, in the sum of $500, conditioned that the defendant Prividi should at all times render himself amenable to any mandate which might be issued to enforce final judgment in an action to recover damages for a personal injury brought against said Prividi. By their answer the defendants deny the allegations of the complaint that Prividi did not render himself amenable to the mandate issued to enforce the final judgment, and aver that said Prividi has always been continuously in the county of New York; that the sheriff did not use due diligence to find him; that no demand was made upon the sureties to produce him; that said sureties have at all times been ready and able to produce him; and that on or about October 12, 1903, two days after the commencement of the action, they took him to the sheriff and offered to give him up. On the trial, all evidence offered by the defendants in support of the allegations of their answer and their denial of the allegations of the complaint above referred to was excluded under exceptions taken by the defendants, the trial justice holding the

return of the sheriff to the execution against the property and the person of Prividi, after having been received in evidence, to be conclusive; and a verdict was directed against the defendants for the amount of the judgment recovered against Prividi, namely, $634.92, to which direction exception was also taken.

The ruling holding the return of the sheriff conclusive was correct. While there are some cases in which the return of the sheriff is presumptive evidence only of the facts therein stated, yet, in an action against bail who had undertaken that the defendant would at all times render himself amenable to the process of the court, for a breach of their undertaking, the clear weight of authority in this state is that the return of the sheriff, "Not found," cannot be questioned, except as specially authorized by statute. Bradley & Bissell v. Bishop, 7 Wend. 353; Cozine v. Walter, 55 N. Y. 304; Hissong v. Hart, 39 N. Y. Super. Ct. 411; Denny v. Blumenthal (City Ct. N. Y.) 28 N. Y. Supp. 744.

The defenses available in an action against bail are now prescribed by section 599 of the Code of Civil Procedure, and no such defense was shown. So the bail may surrender the defendant in their own exoneration before the expiration of their time to answer, as matter of right, but the surrender must be made as prescribed by sections 591 and 592 of the Code of Civil Procedure. At a later stage of the case the court, in the exercise of a wise discretion, and for sufficient cause shown, may permit a surrender upon terms. But a surrender must be completed, and then pleaded as a partial defense. No surrender was pleaded or shown. A mere offer "to give him up" is not enough.

Upon the whole case, the plaintiff was entitled to the direction of a verdict, but it was erroneous to direct a verdict for a sum exceeding the amount of the undertaking, which was for the sum of $500, and the judgment must be modified by reducing the amount of it accordingly. This disposes of the appeal from the judgment, and from the order denying defendants' motion for a new trial, made upon the minutes of the trial judge.

The defendants subsequently moved before the trial judge for a resettlement of the said order by adding at the end thereof the following:

"Without prejudice, however, to any application which the defendants may make to this court, at a Special Term thereof, for an order setting aside the verdict and granting a new trial upon grounds other than those mentioned in section 999 of the Code of Civil Procedure."

The motion for a resettlement was denied, and from the order of denial the defendants appealed. This appeal is without merit. An order denying a motion to resettle another order is not appealable. Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; Hall v. Gilman, 87 App. Div. 248, 84 N. Y. Supp. 279. Moreover, if the defendants, upon sufficient affidavits, and a case regularly made and settled, could present an application to the court at Special Term for a new trial upon grounds other than those mentioned in section 999 of the Code of Civil Procedure, which appealed to the exercise of the discretion of the court, it was not necessary to obtain leave for that

purpose in the order sought to have resettled. The appeal from the order denying motion for resettlement should therefore be dismissed.

Finally the defendants, upon affidavits and a case regularly made, settled, and filed, and the orders above referred to, and all the papers on which said orders were made, moved at the Special Term of the City Court—

"For an order setting aside the verdict herein, and for a new trial, on the ground that the same has resulted in an injustice, and that, in the furtherance of justice, a new trial should be granted; that, in case said new trial is ordered, the defendants may have leave of this court to renew their motion for an extension of time within which to surrender their bail in exoneration; that, in case said permission is granted, said motion for leave to surrender may be deemed to be made upon the papers recited in this notice of motion, to the end that, upon making such surrender, the defendants may then make application to this court for their exoneration, and for permission to serve a supplemental and amended answer setting up such surrender and exoneration; and that the defendants may have such other and further relief as may be just, together with the costs of the motion."

This motion was denied, and the defendants appealed. The denial of the motion proceeded upon the sole ground, which was recited in the order entered thereon, that the order of the trial judge refusing a resettlement so as to grant leave as above stated precluded the making of the motion. The ground thus assigned was clearly erroneous, as already indicated. Ordinarily this would require that the order be reversed, and the motion remanded to the court below for a determination upon its merits. But in the present case such disposition would be fruitless. The point that the defendants should be permitted to contradict the return of the sheriff has been repeatedly and correctly determined against the defendants, and that, in what they did and omitted to do, they acted under and relied upon the advice of their former attorney of record, constitutes no ground for a new trial. The avowed object of the motion is to set aside the judgment for the purpose of making a motion to surrender the principal and exonerate the bail. In opposition to that, the plaintiff, among other things, showed that during the pendency of the action the defendants did move for an extension of time in which to make due legal surrender in exoneration of the bail, that said motion was denied, that no appeal was taken from the order of denial, and that leave to renew was not given. It thus appearing that no valid ground exists upon which the defendants could be relieved if the motion for a new trial were remanded, the order last considered should be affirmed, especially as the defendants, if their claim is true, have a complete and adequate remedy against the sheriff.

For the foregoing reasons, the judgment should be modified by reducing the amount of the recovery to the sum of $500, with interest and the costs in the court below, and, as thus modified, affirmed, without costs of the appeal. The order denying motion for a new trial upon a case and affidavits should be modified by striking out therefrom the ground upon which it purports to have been made; and, as thus modified, it should be affirmed, without costs of the appeal. The appeal from the order denying motion for resettlement should be dismissed, with costs and disbursements. All concur.