(46 Misc. Rep. 56)

### PRIVIDI v. O'BRIEN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. SHERIFFS—FALSE RETURN—MITIGATION OF DAMAGES.
    The failure of sureties on a bail bond to surrender their principal in accordance with the provisions of Code Civ. Proc. §§ 591, 592, after action begun on the bond and before answer, when such surrender was advised by the sheriff, and the sureties were able to make it, may be pleaded by the sheriff in mitigation of damages in an action on the sureties' claim for damages sustained by reason of the sheriff's false return to an execution issued against the person of the principal.

2. PLEADING—PARTIAL DEFENSES—DEMURRERS.
    A demurrer is properly overruled to a paragraph stating facts sufficient to constitute a partial defense in mitigation of damages.

Appeal from City Court of New York, Trial Term.

Action by Joseph J. Prividi against William J. O'Brien. From an interlocutory judgment overruling a demurrer to a separate paragraph of the answer, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Joseph E. Bullen, for appellant.
Edward C. Moen, for respondent.

FREEDMAN, P. J. The prior history of this case sufficiently appears in the report of the case of Garofalo v. Prividi, 43 Misc. Rep. 359, 87 N. Y. Supp. 467. The present action arises out of the claim of one of the sureties of the plaintiff against the sheriff for damages sustained by reason of a false return made by the sheriff to an execution issued against the person of the plaintiff, which claim was assigned by said surety to the plaintiff. Paragraph 4

of the answer, containing the defense demurred to, stripped of everything except the essential allegation, states as a partial defense that the plaintiff and the said surety were in the sheriff's office after the commencement of the action against the sureties and before the time to answer in said action had expired; that the said sureties were then and there advised of the manner in which they could relieve themselves from further liability; and that, notwithstanding such information and advice, they wholly neglected to surrender their principal to the defendant as required by law. It seems to me that this is a good partial defense in mitigation of damages, within the reasoning in Cozine v. Walter, 55 N. Y. 304. True, in that case the sheriff, by his own act, prevented the surety from procuring his exoneration, whereas in the case at bar the facts alleged show an endeavor of the sheriff to have the sureties surrender their principal in a legal manner, and the failure of the sureties to surrender him. They were not bound to do so if they did not care to reduce the damages for which they were liable in case of no surrender. But they should not be permitted to hold the sheriff for damages to themselves which they would have avoided by a surrender of their principal, as provided in sections 591 and 592 of the Code of Civil Procedure, when such surrender was advised by the sheriff, and they were able to make it. Equity requires that a man shall do everything in his power to make the damages he seeks to recover from another as light as possible. There is nothing in the decision of Garofalo v. Prividi, supra, which conflicts with these views. The defense demurred to being sufficient as a partial defense in mitigation of damages, the demurrer thereto was properly overruled. Morse v. Press Pub. Co., 63 App. Div. 61, 71 N. Y. Supp. 348.

The judgment should be affirmed, with costs. All concur.

