when he was able to get out.    Plaintiff admits, however, that he did not ask the person to whom he was talking over the telephone if he was Judge Kelly.    He says that, after connecting on the telephone with Judge Kelly's office, he asked for defendant, and then had the conversation with some one, whose voice he recognized as that of the defendant. Plaintiff made several efforts to show why he addressed his letter, containing the estimate or contract, to Mr. Miller, instead of defendant, but was not allowed to do so.    All the conversations leading up to the contract were had with defendant, while the changes in the contract were made at defendant's dictation.    It seems to be the theory of defendant's counsel that the contract was made with the Highland Hotel Company, of which Mr. Miller was manager.    There is absolutely nothing in the evidence, however, to suggest the existence of such a company, or that the plaintiff had the remotest reason to suppose that defendant or Miller was acting as agent for any such company.    The evidence made out a prima facie case of a contract with defendant.    If the latter was acting as agent, he did not disclose his principal to plaintiff, nor had plaintiff any reason to suspect that he was dealing with an agent and not with a principal, so far as the testimony discloses.    Defendant must, therefore, be held liable, as a person contracting as agent will be personally responsible where at the time of making the contract he does not disclose the fact of his agency and the name of his principal.    Nichols v. Weil 30 Misc. Rep. 441, 62 N. Y. Supp. 477; Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51; Nelson v. Andrews, 19 Misc. Rep. 623, 44 N. Y. Supp. 384.

We think it was error for the learned court below to dismiss the complaint on plaintiff's evidence, as the latter made out a prima facie case. This appeal also brings up one from an order granting a previous motion to open defendant's default.    Such an order is not appealable, even supposing the court was not justified by the facts in granting said motion. Long Branch Pier Co. v. Crossley, 40 Misc. Rep. 250, 81 N. Y. Supp. 905.    This appeal from said order is therefore dismissed, with $10 costs to abide the event of the new trial.

The judgment appealed from is reversed, and a new trial granted, with costs to appellant to abide the event

McCALL, J., concurs.    LEVENTRITT, J., concurs in result.

---

TWELFTH WARD BANK v. COLUMBIA PUB. CO.

In re GILROY.

(Supreme Court, Appellate Term.    June 28, 1906.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ACTIONS.
    A question as to whether money arising from the sale of property replevied from the defendant by a receiver appointed in supplementary proceedings in the original action was turned over to the judgment creditor in the original action voluntarily or under promise to return it if necessary is a question of fact, which can be settled only in an action, and not by motion made after demand for its return.

2. APPEAL AND ERROR—DECISIONS REVIEWABLE—NATURE OF DECISION—DIS-
   CRETION—ACTION—RESETTLEMENT OF ORDER.
     An appeal does not lie from the exercise of the court's discretion in
   denying a resettlement of an order already made.

Appeal from City Court of New York, Special Term.

Action by the Twelfth Ward Bank against the Columbia Publishing
Company.   From an order denying a motion made by the receiver ap-
pointed in supplementary proceedings to compel the plaintiff to refund
certain moneys, and from an order denying a motion for a resettlement,
the receiver appeals.   Order denying the motion to refund affirmed.
Appeal from the order denying a resettlement dismissed.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-
CALL, JJ.

Charles W. Dayton, Jr., for appellant.
L. M. Berkeley, for respondent.

LEVENTRITT, J.   In an action in the City Court the plaintiff
recovered judgment against the Columbia Publishing Company, the
defendant.   In supplementary proceedings based thereon Eugene C.
Gilroy was appointed receiver.   Subsequently, in an action brought by
him in the Supreme Court, he replevied certain chattels, claiming that
they were the property of the Columbia Publishing Company.   He
made a sale thereof, and turned over to the plaintiff the net proceeds,
amounting to $1,000.   Upon the trial of the replevin action the com-
plaint was dismissed.   An appeal taken from the judgment entered
upon such dismissal resulted in a reversal and a new trial.   That action
is still pending.   After the entry of the judgment against him, the re-
ceiver demanded a return of the money which he had paid to the plain-
tiff.   That demand was refused.   Thereupon he petitioned for an order
directing the refund of the money.   The motion was denied on the
ground, as stated in the order, "that the moneys were paid by the peti-
tioner voluntarily, and without any mistake of fact."

We think this disposition was correct.   The parties are in conflict
as to the circumstances and agreement under which the money was paid
over.   The receiver claims that the payment was made at the request
of the plaintiff, and upon the promise to refund it whenever the necessi-
ty should arise.   The plaintiff claims that the payment was made volun-
tarily and unconditionally.   A well-defined question of fact is therefore
presented, and upon its solution the rights of the parties depend.   That
solution is to be had only in an action.   After the entry of the order
referred to, the receiver applied to resettle it, and he appeals also from
the order denying that application.

An appeal does not lie from such an order.   It is within the discretion
of a court to modify or change an order already made by it, and over
the exercise of such discretion an appellate court has no control.   Mat-
ter of National Gramophone Corporation, 82 App. Div. 593, 81 N. Y.
Supp. 853.

The appeal from the order denying the motion seeking the refund of
the money paid must be affirmed, and the appeal from the order deny-
ing the motion to resettle must be dismissed, with $10 costs to the re-
spondent.   All concur.