SOCIETE ANONYME DES GLACES NATIONALES BELGES v. KAHN.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

MOTIONS—SETTLEMENT OF ORDERS.

Upon motion by plaintiff for an inspection of books and papers, defend-
ant raised certain preliminary objections based upon the alleged insuffi-
ciency of the moving papers. The court, after considerable argument,
overruled such objections and granted the motion. The objections were
not recited in the order granting the motion. Held, that a motion for a
settlement of the order by the insertion therein of the preliminary ob-
jections should have been granted, because, if defendant should appeal.
he would be unable to have such objections considered, unless it appeared
from the order that they were duly taken at the proper time.

Appeal from Special Term.
Action by the Societe Anonyme des Glaces Belges against Jacques
Kahn. Plaintiff obtained an order for inspection of books and papers,

and, from the denial of a motion for resettlement, defendant appeals. Reversed, and the motion for resettlement granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Adam K. Stricker, for appellant.
Carl A. Hansmann, for respondent.

SCOTT, J. The defendant appeals from an order denying its motion for the resettlement of an order granting to plaintiff an inspection of its books and papers. The facts are not in dispute. When the motion came on for argument, the defendant raised certain preliminary objections based upon the alleged insufficiency of the moving papers. At first the court was of opinion that some of these objections were well taken, but, upon further argument, overruled them and granted the motion. These objections were not recited in the order granting the motion, and the defendant, by the motion which has been denied, seeks a resettlement of the order by the insertion therein of the preliminary objections. We are of opinion that the motion for resettlement should have been granted. If the defendant should desire to appeal, it would be entitled to have its preliminary objections considered, and it might be unable to do so, unless it appears from the order that the objections were duly taken at the proper time. Mix v. Andes Ins. Co., 74 N. Y. 53, 30 Am. Rep. 260; Matter of Nat. Graphophone Co., 82 App. Div. 593, 81 N. Y. Supp. 853.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for resettlement granted. All concur.