KNIGHT *v.* VANDERBILT.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

1. ARREST IN CIVIL CASES—APPLICATION FOR DISCHARGE.
   Code Civil Proc. § 572, provides that a defendant arrested in a civil action, if plaintiff neglects to enter judgment therein within 10 days after it is in his power to do so, must on his application be discharged from custody, if he has already been taken under the mandate, or, if he has not yet been imprisoned, that he be relieved from imprisonment by virtue of such mandate, unless reasonable cause is shown why the application should not be granted. *Held,* that reasonable cause may be shown as well on an application to discharge the prisoner from arrest if in custody as on an application to relieve from arrest if not in custody.

2. SAME—DENIAL OF APPLICATION—REASONABLE CAUSE.
   On an application for a defendant's discharge from arrest under such section, it appeared that the verdict was rendered January 21st, the order of arrest obtained on the 28th, served February 3d, a motion to vacate made two days thereafter, and judgment entered February 8th, and that the order could not be issued after judgment, under section 551. *Held,* that such facts were reasonable cause for denying the application.

Appeal from special term, New York county.

Action by Samuel I. Knight against Henry S. Vanderbilt for deceit. From an order denying a motion to discharge him from custody, under Code Civil Proc. § 572, defendant appeals. Affirmed.

The verdict was rendered on January 21, 1892. The order of arrest was obtained January 28, 1892, and was served February 3, 1892. This motion to vacate was made two days after the order of arrest was served, and judgment was entered February 8, 1892.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Butler, Stillman & Hubbard,* (*John Motman,* of counsel,) for appellant. *Kellogg, Rose & Smith,* (*L. L. Kellogg,* of counsel,) for respondent.

PER CURIAM. Section 572 of the Code of Civil Procedure, under which this application is made, provides that a defendant arrested in a civil action, if the

plaintiff unreasonably delays the trial of the action, or neglects to enter judgment therein within 10 days after it is in his power to do so, must upon his application be discharged from custody, if he has already been taken under the mandate against him, or, if he has not yet been imprisoned, that he be relieved from imprisonment by virtue of such mandate by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted. The only application mentioned in the section is the application made by the defendant, upon notice to the plaintiff, either to be discharged from custody if he has already been taken under a mandate against him in such action, or, if he has not yet been imprisoned, to be relieved from imprisonment by virtue of such mandate; and the provision that the court should grant the order unless reasonable cause is shown applies to this application, whether made to discharge him from arrest, if in custody, or to relieve him from arrest if not in custody. We think, therefore, that it was the duty of the court below to consider whether reasonable cause was shown why the defendant's application should not be granted, and we concur in the conclusion that in this case reasonable cause was shown, and that the application was properly denied. The order should be affirmed, with $10 costs and disbursements. All concur.