<hr />

### STIMMEL v. SWAN et al.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

1. JUDGMENT—RES JUDICATA.
    A first mortgage on chattels was, after part payment of the mortgage debt, assigned to plaintiff, a creditor of the mortgagor, who agreed that the mortgage should stand as security for plaintiff's unsecured claim. Plaintiff foreclosed the mortgage, and the holders of a second mortgage obtained a judgment against him for the difference between the sum realized on foreclosure and the amount due on the first mortgage at the time it was assigned. Before the holders of the second mortgage commenced their action against plaintiff, he had sued the mortgagor for conversion of a portion of the mortgaged chattels, and had procured an order of arrest against him, and the mortgagor gave an undertaking, with defendants as sureties. Afterwards plaintiff obtained judgment against the mortgagor for the conversion of the chattels; and, execution being returned unsatisfied, he sued on the undertaking. *Held*, that the judgment in the action by the holders of the second mortgage against plaintiff was not conclusive of plaintiff's right to a judgment against the mortgagor for the conversion, as neither the subject of the actions nor the parties were the same. 38 N. Y. Supp. 963, affirmed.

2. EXECUTION AGAINST THE PERSON—WHEN RETURNABLE.
    An execution against the person is not affected by the fact that it was not returned until 61 days after it was issued, as the only requirement with reference to the return of executions is the provision of Code Civ. Proc. § 597, that they shall not be returned in less than 15 days.

Appeal from city court of New York, general term.

Action by John Stimmel against Charles A. Swan, Francis B. Thurber, and Joseph Veith on an undertaking on arrest executed by the defendants Thurber and Veith as bail for Charles A. Swan in an action brought against him by plaintiff for conversion of property covered by a chattel mortgage. A judgment in favor of

plaintiff for $2,158.37 was affirmed by the city court (38 N. Y. Supp. 963), and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. Aplington, for appellants.
William R. Wilder, for respondent.

DALY, P. J. In 1883 Charles A. Swan was proprietor of an hotel at 503 Fifth avenue, and executed to Maltby G. Lane a chattel mortgage upon the furniture to secure an indebtedness of $7,450, and this mortgage was assigned by Lane to this plaintiff, there being then due upon it to Lane only the sum of $3,500. The plaintiff at that time was also the creditor of Swan in a sum exceeding $7,000, for which additional indebtedness Swan agreed that he might hold the mortgage as security. It appeared, however, that prior to the assignment to the plaintiff, Swan had executed a second mortgage on the same chattels to the firm of Thurber, Whyland & Co., to secure an indebtedness to them, and when the plaintiff foreclosed his mortgage, realizing from it the sum of $4,551.88, the holders of the second mortgage instituted an action in the supreme court to recover from him and have applied upon their mortgage the difference between the sum so realized and the amount due upon the first mortgage to the mortgagee, Lane, at the time it was assigned to the plaintiff. In that action they were successful, and recovered judgment against this plaintiff for $1,123.46, which was affirmed by the general term (1 N. Y. Supp. 162) and in the court of appeals (24 N. E. 4). Before they commenced their action against this plaintiff, he had sued the mortgagor, Swan, for the alleged conversion of a portion of the property covered by the chattel mortgage, and had procured an order of arrest against Swan, upon which arrest the undertaking now sued upon was given, with Thurber and Veith, these defendants, as sureties. After the giving of that undertaking the action remained in abeyance during the litigation between the plaintiff and Thurber, Whyland & Co., but on May 4, 1893, the plaintiff moved for and obtained a judgment by default against Swan for $2,067.97, and the execution against his property being returned unsatisfied, and the sheriff not being able to find him and to execute the body execution, this action was commenced against the bail.

The principal defense in this action to a recovery against the defendants upon their undertaking is that the judgment against Swan was procured by fraud, because the plaintiff did not disclose to the court that it had been adjudged, in the suit of Thurber, Whyland & Co., that his lien under his mortgage did not exceed the sum of $3,500, and had been fully satisfied. This defense is easily disposed of. While it was proved that, as between the plaintiff, as assignee of the first mortgage, and Thurber, Whyland & Co., as second mortgagees, the former could not retain out of the proceeds of the foreclosure of his mortgage a greater sum than was due thereon to the mortgagee at the time of the assignment, it is also true that, as between the plaintiff and Swan, the mort-

gagor, he was entitled to the benefit of the latter's agreement by which the mortgage became security for the additional sums in which Swan was indebted to him, and he could pursue the latter for conversion of any part of the mortgaged chattels necessary to satisfy his whole lien. The litigation between the second mortgagees and himself did not touch his rights as against Swan in any particular. He could not tack on to his first mortgage, as against them, what was virtually a third mortgage claim. It had to be postponed to the second mortgage. But yet it was perfectly good as against the mortgagor. His right in his action against Swan and to a judgment were not concluded in any way by the judgment in favor of Thurber, Whyland & Co., for the subject of the action was not the same, and neither were the parties; and so there was no fraud or imposition in the prosecution of that action to judgment.

The condition of defendants' liability as bail was fulfilled by proof of the recovery of the judgment against Swan and issuance of executions against his property and his person, successively, and that he never rendered himself amenable to any mandate issued to enforce the final judgment against him as provided in the undertaking; and the recovery by the plaintiff was properly allowed.

Such exceptions as are taken to rulings in connection with the oral examination of the witness Wilder, the attorney for the plaintiff, as to his knowledge at the time he procured the judgment, or the information which he gave to the court, or his concealments of fact are immaterial, as his proceeding to recover the judgment was regular.

Exception was taken to a body execution issued against Swan on June 2, 1893, and returned on August 2, 1893, on the ground that it was not returned until 61 days after it was issued. The only requirement with reference to the return of executions as a prerequisite to an action against bail is that they shall not be returned in less than 15 days. Code, § 597. A motion to dismiss the complaint was made on the ground that a subsequent execution against the person of Swan was issued by the plaintiff on his judgment on September 16, 1893, and returned on September 26th in the same year; but the prior execution was subject to no such objection, and was a valid and proper writ and foundation for this action against the bail. The motion to dismiss the complaint on that ground was therefore properly denied.

No error being shown, this judgment must be affirmed, with costs. All concur.