STEAMSHIP RICHMOND HILL CO. v. SEAGER et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. JUDGMENT BY DEFAULT—APPLICATION TO COURT.
  The fact that matters alleged in a complaint, demanding judgment for a sum of money only, would entitle the plaintiff to an execution against the person, to enforce the judgment demanded, does not deprive him of the right to enter judgment, under Code Civ. Proc. § 420, upon defendant's default, without application to the court.

2. SAME—EVIDENCE.
  The provision of Code Civ. Proc. § 549, that, if a complaint alleges that money sought to be recovered was received by the defendant in a fiduciary capacity, there can be no recovery unless the allegation is proved on the trial, only applies where a defense is interposed, and a trial becomes necessary.

**3. EXECUTION AGAINST PERSON—ORDER OF ARREST.**

An allegation in a complaint, under Code Civ. Proc. § 549, that the defendant received the money sought to be recovered, in a fiduciary capacity, sets forth a substantive part of the cause of action; and accordingly the plaintiff's right to arrest the defendant depends on the nature of the action, and execution against the person may be issued upon the judgment, under section 1487, subd. 1, although no order of arrest was granted and executed in the action.

**4. SAME—EFFECT OF DELAY.**

Code Civ. Proc. § 572, does not deprive a plaintiff, even after three months from entry of judgment, of the right, in an otherwise proper case, to issue execution against the defendant's person, and then have his right to enforce it determined as there prescribed.

**5. SAME.**

Assuming that Code Civ. Proc. § 1377, applies to executions against the person, the issue and return unsatisfied of an execution against a defendant's property, within five years from entry of judgment, is a sufficient basis for the subsequent issue of execution against the person in a proper case, after the five-years period has expired.

Appeal from special term, New York county.

Action by the Steamship Richmond Hill Company against John C. Seager and others. From an order setting aside and vacating an execution against the person of the defendant John C. Seager, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Esek Cowen, for appellant.

Lorenzo Ullo, for respondents.

INGRAHAM, J. The complaint in this action alleged that the defendants, with one Charles L. Seager, now deceased, were co-partners, doing business in the city of New York, and, as such, were the agents for the plaintiff for the purpose of collecting the freights and other moneys belonging to the plaintiff, and of making disbursements for the vessel of the plaintiff in the port of New York; that, in the course of said business, the defendants drew upon the plaintiff drafts, which were accepted and paid by the plaintiff for the purpose of placing funds in the hands of the defendants for the use of the plaintiff; that the defendants collected, for the account of the plaintiff, freights amounting to the sum of over $7,000 over and above any disbursements which the defendants were required to make, and after deducting their charges and commissions; that each and all of said sums received by the said defendants were over and above the commissions and charges to which they were entitled as agents, and that on the 25th day of April, 1884, there remained in the hands of the defendants, belonging to the plaintiff, the sum of $7,983.42, no part of which has been paid, although payment thereof has been duly demanded; that the aforesaid sums and the balance above stated were money belonging to the plaintiff, received by the defendants in a fiduciary capacity, and as agents for the plaintiff. This complaint was verified and served upon the defendants on February 7, 1889. The defendants failing to answer or demur within the time allowed by law, judgment was entered by default on October 29, 1892. Execution against

the property of the defendants was issued and returned unsatisfied; and on February 28, 1898, an execution against the person of the defendants was issued, which, upon motion, the court set aside, and this is an appeal from the order entered on such motion.

The learned judge below based the order setting aside the execution upon the fact that the judgment was entered without application to the court, under section 420 of the Code of Civil Procedure; and, as he assumed that judgment in an action in which the plaintiff was entitled to issue an order of arrest could not be entered without an application to the court upon the default of the defendants, he seems to have held that, by entering this judgment without application to the court, the plaintiff waived its right to issue an execution against the person. The right, however, of the plaintiff, to enter judgment without application to the court, is not made by the Code dependent upon the remedy appropriate to enforce the judgment. By section 420 of the Code it is provided that judgment may be taken without application to the court, where the complaint sets forth one or more causes of action, each consisting of an express or implied contract to pay money received or disbursed, and thereupon demands judgment for a sum of money only. It would seem that the complaint in this action comes expressly within the terms of this section. It alleges that the defendants, as agents of the plaintiff, received and collected moneys for the account of the plaintiff, amounting to a sum named, over and above any disbursements which they were required to make, and, after deducting their charges and commissions, that the balance was as above stated; that the money was received by the defendants in a fiduciary capacity, and as agents for the plaintiff; and that there is now due from the defendants the sum of money named, together with interest thereon; and the plaintiff demands judgment against the defendants for a sum of money only. By section 1212 of the Code it is provided that in an action specified in section 420, where the summons has been personally served upon the defendant, and a copy of the complaint served with the summons, the plaintiff may take judgment by default, as follows:

First. "If the defendant has made default in appearing, the plaintiff must file proof of the service of the summons, and of a copy of the complaint or the notice; and also proof, by affidavit, that the defendant has not appeared. Whereupon the clerk must enter final judgment in his favor." Second. "If the defendant has seasonably appeared, but has made default in pleading, the plaintiff must file proof of the service of the summons and of the appearance, or of the appearance only; and also proof, by affidavit, of the default. Whereupon the clerk must enter final judgment in his favor."

By section 1213 of the Code it is provided that where final judgment may be entered by the clerk, as prescribed in the last section, the amount thereof is to be determined; if the complaint is verified, the judgment must be entered for the sum for which the complaint demands judgment; and that, if a computation of interest is necessary, it must be made by the clerk.

In this action the complaint was verified, and the summons and complaint were served upon the defendants, proof of which was filed with the clerk. There was also proof filed that the defendants had not answered or demurred; and, upon this, the clerk, having com-

puted the interest, entered judgment for the amount demanded by the complaint, with interest and costs. It is difficult to see upon what ground it can be claimed that this judgment was at all irregular. The complaint is exactly within the provisions of section 420 of the Code, which entitled the plaintiff to take judgment without application to the court; and, being thus an action specified in section 420 of the Code, it was the duty of the clerk to enter final judgment in favor of the plaintiff.

There is nothing in section 549 of the Code that at all affects this question. The provision of subdivision 2 of that section that, "where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action," plainly applies only to a case where a defense is interposed and a trial becomes necessary. Upon a default in the pleading, whether the judgment is to be entered by the clerk, or the amount is to be ascertained by a writ of inquiry or a reference, or by the court upon an application for judgment, the defendant, by failing to answer, admits the facts alleged in the complaint, and that the plaintiff is entitled to judgment demanded. There can be no trial of the action because there is no issue to try. By the service of the verified complaint upon the defendants, they were apprised of the demand made upon them by the plaintiff, and the amount of the judgment which would be entered against them in case of their failure to answer the complaint. No proof of the cause of action, the complaint being verified, was required by the Code to entitle the plaintiff to judgment where the defendants had suffered a default, and had failed to deny the allegations of the complaint or interpose a defense; and, upon the neglect of the defendants either to answer or demur, no trial of the action was possible. If the case was one within section 420 of the Code, the plaintiff would be entitled upon such default to have the judgment entered in his favor by the clerk. In case the action was not one within that section, then he could only obtain judgment upon application to the court; but in neither case would there be a trial, and the provision that, before the plaintiff would be entitled to judgment, he must prove the facts required to be alleged in the complaint by section 549 of the Code, related only to a case where, by the action of the defendant in interposing his defense, the trial had become necessary. The contrary seems to have been held in the case of Fayerweather v. Tucker (Sup.) 11 N. Y. Supp. 39; but that was a special term decision, and we do not think it correctly decided. In certain cases the Code requires the plaintiff to prove his cause of action before he can have a judgment by default, as in the case of an action for divorce, or when the summons is not formally served; but the fact that such special direction is necessary shows that, where there is no such requirement, such proof is not essential.

The next question presented is whether or not the plaintiff was entitled to issue an execution against the defendants, under section 1487 of the Code. It is there provided that where a judgment can be enforced by execution, as prescribed in section 1240 of the Code (and this is clearly a case within the provisions of that section), an execution against the person of the judgment debtor may be issued

thereupon where the plaintiff's right to arrest the defendant depends upon the nature of the action. We think that the plaintiff's right to arrest the defendants in this case depended upon the nature of the action. By section 549 of the Code it is provided that a defendant may be arrested in an action "to recover property or damages for the conversion or misapplication of property where it is alleged in the complaint that the money was received * * * by an officer or agent of a corporation or banking association in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity." Now, it is alleged in this complaint that the money to recover for which this action was brought was received by the agent of a corporation in the course of his employment, and in a fiduciary capacity. This was a material allegation in the complaint to entitle the plaintiff to arrest the defendants in the action.

As was said by Vann, J., in the case of Moffatt v. Fulton, 132 N. Y. 514, 30 N. E. 993:

"It was clearly the intention of the legislature, by its last amendment of section 549, to require a plaintiff, intending to arrest the defendant, to predicate his action upon some ground of wrongdoing mentioned in the statute, as a substantive part of the cause of action, so that he could defend himself before a jury, and recover costs if such defense was successful. * * * It changed the nature of certain causes of action somewhat, by requiring facts to be alleged and proved in addition to those previously required to be alleged or proved, in order to recover."

Thus, in a cause of action brought under section 549 to recover for money received by an agent in the course of his employment or in a fiduciary capacity, the capacity in which the defendants received the money was "a substantive part of the cause of action"; and the plaintiff's right to arrest the defendants depended upon the nature of the action, viz. that the defendants had received this money in the fiduciary capacity specified in section 549 of the Code. Section 550 of the Code enumerates the actions in which an order of arrest may be granted, where the right to arrest does not depend upon the nature of the action, but depends upon other facts than those alleged in the complaint which were required to be proved by affidavit; and thus section 1487 of the Code applies to a case where an order of arrest has been issued under section 550 of the Code. We think, therefore, that this judgment was regularly entered without application to the court, and that the plaintiff was entitled to issue an execution against the person of the defendants, although no order of arrest had been granted in the action.

It is also claimed by the defendants that the execution was irregular under section 572 of the Code, as having been issued more than three months after the entry of judgment. But this section does not apply, as a failure to issue an execution for more than three months after the entry of judgment does not take away the right to issue such execution against the person. It is there provided that if the plaintiff neglects to issue execution against the person of the defendant within 10 days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment, the defendant must, upon his application, made upon notice to the plaintiff, be discharged from custody if

he has already been taken, under the mandate against him in such. action, or, if he has not yet been imprisoned therein, be relieved from imprisonment by virtue of such mandate by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted. Although no such execution was issued within the three months named, the plaintiff would be entitled to issue his execution, and then have the question of his right to enforce it determined on an application made, either to discharge defendant from imprisonment, or to relieve him from imprisonment under the mandate, as the plaintiff would have the right upon such application to show a reasonable cause why it should not be granted. It might appear that the defendant had been absent from the state during all the period that had elapsed since the judgment was entered.

It is also claimed that this execution was prohibited by section 1377 of the Code. But, assuming that the execution there mentioned is an execution against the person, it is expressly provided that where an execution is issued upon a judgment within five years after the entry of the judgment, and has been returned wholly or partly unsatisfied or unexecuted, the prohibition contained in the section does not apply; and, as an execution against the property was issued within five years after the entry of judgment, the prohibition is not applicable. Nor does the fact that the execution against the person recited that the execution had been issued to the city and county of New York, when in fact it had been issued to the county of Kings, make the execution irregular. There is nothing in the statute that prescribes that this execution against the person should describe the execution which had issued against the property, or that a mistake in such description would invalidate the execution; and the fact was proved by affidavit, and uncontradicted, that execution had been issued against the property of the defendants to the sheriff of the county in which they reside, as required by section 1489 of the Code.

The other objections taken by counsel for the defendants to the execution are not substantial, and do not require notice. It follows that the order appealed from must be reversed, and the motion to set aside the execution denied, with $10 costs and disbursements of this appeal. All concur.