(67 Misc. Rep. 399.)

ETLICH v. STOCK.

(Supreme Court, Appellate Term. May 17, 1910.)

COURTS (§ 189*)—MUNICIPAL COURTS—EXECUTION AGAINST PERSON—STATUTES—CONSTRUCTION.

Municipal Court Act (Laws 1902, c. 580) § 251, provides that, when a judgment is rendered in a case where defendant is subject to arrest and imprisonment, it must be so stated in the judgment and entered in the docket; and section 274 provides that, in an action brought in the Municipal Court by a wage earner for wages, plaintiff, on recovering judgment in a sum not exceeding $50, exclusive of costs, in case the action shall have been brought within two months after it accrued and an execution is returned wholly or partly unsatisfied, shall be entitled to a body execution for the sum remaining uncollected, etc. Held, that section 274, in so far as it authorized execution against the person, was mandatory, so that, where a verified complaint in an action for wages within the statute was served on defendant, and the summons was indorsed, "Plaintiff claims defendant is liable to arrest and imprisonment," and defendant made default, plaintiff was entitled to judgment and docket entry stating that defendant was subject to arrest and imprisonment as a matter of right, without further proof than the allegations of the complaint.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court of New York.

Action by Reinhold Etlich against Nicholas Stock. From so much and such part of a judgment as denied plaintiff's motion for an execution against defendant's person, in case an execution against his property should be returned unsatisfied, plaintiff appeals. Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Leonard McGee (John T. S. Wade, Jr., of counsel), for appellant.

SEABURY, J. The action was for wages, and was instituted by the service of a summons and verified complaint. The summons was indorsed as follows: "Plaintiff claims defendant is liable to arrest and imprisonment." The affidavit of service alleged that the copy summons served upon the defendant was indorsed the same way. The defendant did not appear on the return day, and judgment was obtained against him upon the verified complaint alone. The plaintiff's attorney moved in open court that the judgment be made so as to contain the statement: "Defendant subject to arrest and imprisonment." This motion the court denied.

The learned court below assigned two reasons for the denial of the motion made: First, that the plaintiff was not entitled to the direction claimed, without proof in the record of the allegations of his complaint; and, second, that the word "must," as used in section 251 of the Municipal Court act (Laws 1902, c. 580) is not mandatory, but is consistent with the exercise of discretion, and that the facts of this case called for the exercise of such discretion. The statute provides as follows:

"Sec. 251. When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket. The clerk of the court in the district in which such a judgment is entered must, in any transcript issued by him as prescribed in this act, insert the words 'defendant liable to execution against his person,' and a like note must also be made in the docket of a judgment by a county clerk, where such a transcript is filed with such clerk."

Section 274 provides as follows:

"In an action, brought in the Municipal Court, by a journeyman, laborer, or other employé whose employment answered to the general description of wage earner, for services rendered or wages earned in such capacity, if the plaintiff recovers a judgment for a sum not exceeding fifty dollars, exclusive of costs, and the action shall have been brought within two months after the cause of action accrued, no property of the defendant is exempt from levy and sale by virtue of an execution against property, issued thereupon; and, if such an execution is returned wholly or partly unsatisfied, the clerk must, upon the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected, if the indorsement required by this act to the effect that defendant was liable to arrest was complied with. A defendant, arrested by virtue of an execution so issued against his person, must be actually confined in the jail, and is not entitled to the liberties thereof; but he must be discharged after having been so confined for fifteen days. After his discharge another execution against his person cannot be issued upon the judgment, but the judgment creditor may enforce the judgment against property as if the execution, from which the judgment debtor is discharged, has been returned, without his being taken."

Whether these sections are or are not a wise exercise of legislative power it is not the duty of this court to determine. The purpose of the statute is to give wage earners and employés who are within its provisions the extraordinary remedy of an execution against the person of the employer when small amounts are involved which it was believed would not be otherwise collectible. The statute gives to those employés who are within its provisions the right to an execution against the person of the defendant. This right is made by the statute dependent upon the nature of the action. Where the action is of the character specified in the statute, the right to this remedy follows as a matter of

course. The verified complaint which was served upon the defendant contained allegations bringing the case within the provisions of the statute. The defendant's failure to appear and answer admitted the facts alleged, and the plaintiff was entitled to the judgment which the law declared to be appropriate upon the facts which were conceded to be true.

There is no statute which requires that a plaintiff in such a case shall make any further proof. Nor was the plaintiff's right to an execution against the person of the defendant discretionary with the court. The right is conferred by the statute, and the provisions of the statute are mandatory. To permit the court to grant or withhold this remedy in its discretion would require us to hold that the statute means something quite different from what it says. The plaintiff could not avail himself of the remedy, unless the judgment and docket contains a statement that the defendant is subject to arrest and imprisonment. People ex rel. Rosenzweig v. Costigan, 54 App. Div. 186, 66 N. Y. Supp. 376. It was, therefore, essential that the court should provide in the judgment that the defendant was liable to arrest and imprisonment.

Judgment appealed from is modified, by inserting the words, "Defendant liable to arrest and imprisonment on execution," and, as modified, is affirmed, with costs. All concur.