## BAKER v. BRYANT FERTILIZER CO.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1823.

Bankruptcy ⬤423(2)—Liability for misappropriating proceeds of assigned accounts not released by discharge.

Where plaintiff furnished defendant fertilizer for sale, under an agreement that it was to remain plaintiff's property until sold or settled for, and that all proceeds of sales, including accounts and collections, were to be held for its use and to be its property until all indebtedness was paid, and accounts from sales were assigned to plaintiff, but collected by defendant, defendant's liability, in suit for conversion for misappropriating the proceeds of collections, was not one released by defendant's discharge in bankruptcy.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by the Bryant Fertilizer Company against C. A. Baker. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas J. Kirkland and E. D. Blakeney, both of Camden, S. C., for plaintiff in error.

J. M. Lynch, of Florence, S. C. (Willcox & Willcox, of Florence, S. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. Baker, plaintiff in error, was a merchant and dealer in fertilizers at Jefferson, S. C. Under contract of November, 1917, the Bryant Fertilizer Company furnished him with a large quantity of fertilizers, which he sold to his customers during the fertilizer season of 1918. The contract provided that until sold or settled for the fertilizers were to remain the property of the company, and that all proceeds of sales, including cash, open accounts, and collections therefrom, were to be kept separate and held for the use of the company and subject to its order, and were to be the property of the company until all indebtedness to it was paid.

In May, 1918, Baker's indebtedness amounted to $15,483.08, for which he gave three equal notes, payable at different dates. Then, on

July 13, he made a list of accounts arising from the sale of the fertilizers and assigned them in writing to the company, as called for by the contract. Afterwards he collected all these accounts, aggregating upwards of $17,000. He paid one of the notes and part of another; the balance of the proceeds he converted to his own use, and without excuse for so doing. The record indicates that he deliberately took the company's money and used it in cotton speculation. Sued for conversion, he sets up in defense that he has been adjudicated bankrupt, and that plaintiff's claim, being provable in bankruptcy, can be prosecuted only in the bankruptcy proceeding. Thus the sole question raised is whether a discharge in bankruptcy would release Baker from liability for the funds of the company which he has misappropriated.

We agree with the learned judge below that this question is answered in the negative by the Supreme Court in McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205; and on the authority of that case, which leaves no occasion for comment, the judgment will be affirmed.