ETHEL WINTNER, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, April, 1923.

Guaranty and suretyship — undertaking given to secure release from arrest in breach of promise suit — action on undertaking — answer — defense alleging that body execution was not properly returned, and that later one was not timely stricken out.

One A. in an action for breach of promise to marry having been arrested pursuant to an order granted by a justice of the Supreme Court was released upon giving an undertaking executed by a surety company, the defendant in this action. A judgment was duly rendered in favor of the plaintiff in the breach of promise action and on the same day that it was docketed in the proper county clerk's office an execution against the property of said A. was duly issued to the sheriff of said county and by him returned *nulla bona.* Subsequently an execution against the person of said A. was issued to the same sheriff and more than fifteen days after its receipt was returned by him to the effect that said A. could not be found within said county. The complaint in this action upon the undertaking sets forth the facts in strict compliance with section 870 of the Civil Practice Act. The answer of the defendant surety company alleged as an affirmative defense that the execution against A.'s property was returned by the sheriff on or about December 1, 1922, and that on the next day an execution against his person was issued to said sheriff who on January 30, 1923, returned said execution but did not return it " not found " as required by section 597 of the former Code of Civil Procedure and by section 871 of the Civil Practice Act in order to authorize the bringing of an action against the defendant as bail under the undertaking in suit as prescribed by law. The defense concluded with the allegation that on or about February 6, 1923, a further pretended execution

was issued to the sheriff and more than fifteen days thereafter returned by said sheriff "not found" but that the said alleged execution was wholly without force or effect to revive the cause of action against the defendant upon its undertaking. *Held*, that said allegations did not constitute a defense to the cause of action alleged in the complaint and a motion to strike the affirmative defense from the answer will be granted.

Except as indicated in the answer that the first body execution was not returned "not found" the pleadings did not disclose why the plaintiff herein did not avail herself of said execution, but assuming that a defective return thereof had been sufficiently alleged, there was no objection to the issuance of a second body execution after the return of a prior one which was improperly issued or returned.

The defenses available to the bail are set forth in section 873 of the Civil Practice Act but nothing therein requires the issuance of a body execution within ten days after the return of a property execution nor does section 846 of the Civil Practice Act discharge a defendant who is under arrest for failure to issue the body execution within said time limit.

Even if said section 846 were applicable to the case at bar, the omission to issue the body execution within ten days after the return of the property execution was excusable.

MOTION to strike defense from answer.

*Olcott, Bonynge, McManus & Ernst*, for plaintiff.

*William J. Dawley*, for defendant.

SPIEGELBERG, J. This is a motion by the plaintiff to strike out from the answer of the defendant the affirmative defense, on the ground that it is insufficient in law. The complaint sets forth that one Samuel Aron was arrested pursuant to an order granted by one of the justices of the Supreme Court in an action brought against said Aron for breach of promise to marry; that subsequent thereto, Aron was released from arrest on an undertaking executed by this defendant; that thereafter judgment was duly rendered against said Aron, which judgment was docketed in the office of the clerk of the county of New York on November 24, 1922; that on said last-mentioned date an execution against the property of said Aron was duly issued to the sheriff of the county of New York, which execution was returned wholly unsatisfied; that thereafter, on February 6, 1923, an execution against the person of said Aron was issued to the same sheriff, which execution was, more than fifteen days after its receipt, returned by said sheriff to the effect that said Aron could not be found within New York county. Then follows the prayer for relief.

The defendant, *for its* so-called first defense, sets up the same allegations as contained in the complaint up to and including the issuance of the execution against the property of said Aron. The defendant further alleges in its defense that the execution against the *property* was returned by the sheriff of the county

of New York on or about December 1, 1922, and that on December 2, 1922, an execution against the person was issued to the sheriff of the county of New York, and that on January 30, 1923, the same sheriff returned said execution against the person " but did not return the same ' not found,' as required by section 597 of the former Code of Civil Procedure of the State of New York, and by section 871 of the Civil Practice Act of the State of New York, in order to authorize the bringing of an action against this defendant as bail under the aforesaid undertaking as prescribed by said section of the law of the State of New York." The defense concludes with the allegation that on or about February 6, 1923, a further pretended execution was issued to the sheriff and more than fifteen days thereafter returned by said sheriff " not found," but that the said alleged execution is wholly without force or effect to revive the cause of action against the defendant upon its undertaking.

In my opinion the allegations set forth in the answer as an affirmative defense do not constitute a defense to the cause of action. Section 870 of the Civil Practice Act provides that bail may be proceeded against by action in case of failure to comply with the undertaking; and section 871 prescribes the prerequisites to the bringing of an action against bail. The original action against Aron was one which depended upon the nature of the action, and the order of arrest in said action was granted by a justice of the court as distinguished from one which could be granted only by the court. In the latter case, pursuant to section 871, an action against the bail may be brought at any time after their failure to comply with their undertaking. The requisites applicable to this case are contained in subdivisions 1 and 2 of section 871. They are that an execution against the property of the defendant must be issued to the sheriff and returned by him wholly or partly unsatisfied, and that an execution against his person must then issue to the same sheriff and be returned by him not less than fifteen days after its receipt to the effect that the defendant could not be found within his county.

The complaint sets forth the facts in strict compliance with the statute. The fact, as alleged in the answer, that the body execution of February 6, 1923, was issued subsequent to a prior body execution on December 2, 1922, is immaterial. It does not appear from the pleadings why the plaintiff did not avail herself of the first body execution, except as indicated in the answer that the same was not returned " not found." I greatly doubt whether such a negative statement should be considered at all. If the defendant seeks to avail itself of any defect in the return of the

execution, or any illegality in the issuance thereof, it should have set forth such defects in positive language. Assuming, however, that a defective return has been sufficiently alleged, there is no objection to the issuance of a second body execution after the return of a prior one which was improperly issued or returned. *Eads* v. *Wynne,* 79 Hun, 463. In *Stimmel* v. *Swan,* 17 Misc. Rep. 354, it appeared that the body execution was not returned until sixty-one days after its issuance. A subsequent execution against the person was issued and returned in less than fifteen days, but as the prior execution was subject to no such objection, it was held to be a valid and proper writ and foundation for the action against the bail.

The defendant stresses the point that the body execution upon which the plaintiff relies was not issued within ten days after the return of the execution against the property. It is claimed that this omission discharges the defendant from its undertaking. The learned counsel for the defendant, in support of this contention, claims that under section 846 of the Civil Practice Act, an execution against the person must be issued within ten days after the return of the execution against the property, in default whereof the defendant on bail is discharged from liability to arrest, and is entitled to release if arrested on body execution. In this the learned counsel is in error. The defenses available to the bail are set forth in section 873 of the Civil Practice Act, which reads:

" § 873. Defences in action against bail. In an action against bail, it is a defense, that an execution against the property or against the person of the defendant in the original action was not issued as prescribed in section eight hundred and seventy-one of this act; or that it was not issued in sufficient time to enable the sheriff to enforce it; or that a direction was given, or other fraudulent or collusive means were used, by the plaintiff or his attorney to prevent the service thereof."

The defenses set forth in the statute are the only ones available to bail. *Garofalo* v. *Prividi,* 43 Misc. Rep. 359; *Stimmel* v. *Swan, supra.*

Of course, a discharge of the defendant in the original action will end the liability of the bail; but such a plea is not a defense; it amounts to an exoneration as provided by section 875 of the Civil Practice Act.

There is nothing in section 873 requiring the issuance of the body execution within ten days after return of the property execution. Nor does section 846 discharge a defendant who is under arrest, for failure to issue the body execution within said

time.  Section 846 provides, among other things, that where the plaintiff " neglects to issue execution against the person of the defendant within ten days after return of the execution against the property," the defendant, upon his application, on notice to the plaintiff, must be discharged from custody or be relieved from imprisonment " unless reasonable cause is shown why the application should not be granted."  It is quite clear that in no event can the bail avail himself of the provisions of the statute.  It is only the person who has been arrested, and he must do it upon notice to the plaintiff.  Even where there are violations of the provisions of section 846, they will be upheld as against the bail in the absence of any motion by the defendant in the original action.

In *Steamship Richmond Hill Co.* v. *Seager,* 31 App. Div. 288, it was claimed that the execution was irregular as having been issued more than three months after the entry of judgment.  This is also one of the provisions contained in section 846 of the Civil Practice Act, formerly section 572 of the Code of Civil Procedure.  The court held that the section does not apply, and that the failure to issue the execution for more than three months after the entry of judgment did not take away the right to issue the execution against the person.

Moreover, even as against the original defendant, the provisions of the statute are not mandatory.  It is discretionary whether to grant the supersedeas or not.  In *Ryan* v. *Crane,* 12 Civ. Proc. Rep. 431, the execution against the person was issued twenty-eight days after the return of the execution against the property.  The plaintiff had no knowledge of the return of the property execution made by the  sheriff, and the court held that this established a reasonable cause why the application for the discharge should be denied.  The same case came before Supreme Court on habeas corpus proceedings for discharge of the relator from imprisonment in *People ex rel. Crane* v. *Grant,* 13 Civ. Proc. Rep. 209.  The court held that a proper construction of section 572 of the Code contemplates failure of vigilance or want of care on the part of the plaintiff within the ten days, and not a mere omission to issue the body execution.  And in *Knight* v. *Vanderbilt,* 18 N. Y. Supp. 810, it was held that it was the duty of the court to consider whether a reasonable cause was shown why defendant's application should not be granted.

It is quite apparent that even if section 846 were applicable to the facts in this case, the omission to issue the body execution within ten days after the return of the property execution was excusable.  The defendant in its answer intimates that the defect consisted

in the failure of the sheriff to return the same with the statement "not found." The blunder of the sheriff is not a neglect of the plaintiff.

The motion to strike out the defense is granted.

Order filed.

Ordered accordingly. _____