## In re KNESKI.

(District Court, E. D. New York.    May 8, 1923.)

**Bankruptcy ⬤⇒392—Bankrupt held entitled to protection from arrest on civil process.**

The court will protect a bankrupt from arrest on civil process from a state court, where it is not affirmatively shown that the debt on which the process issued is one from which his discharge would not be a release.

In Bankruptcy.    In the matter of Adam Kneski, bankrupt.    On application of bankrupt for order protecting him from arrest.    Granted.

Robert P. Griffing, of Riverhead, N. Y., for bankrupt.

Joseph T. Losee, of Patchoque, N. Y., for judgment creditor.

CAMPBELL, District Judge.    This matter comes before the court on the application of the bankrupt for an order protecting him from arrest, as provided in section 9a of the Bankruptcy Act (Comp. St. § 9593) and General Orders XII (1), found in 18 Sup. Ct. vi, and, if arrested before the determination of this motion, for an order directing the sheriff of Suffolk county to discharge him from custody by reason of said execution.

The creditor, Katherina F. Mitchell, brought an action in the County Court of Suffolk County against the bankrupt, charging him with conversion of a certain tractor, which she alleged she had delivered to him under a certain agreement for the sale thereof, the purchase price to be paid in installments, and she to retain title until the payments were fully made.    It is further alleged in the complaint that the defendant sold and converted the said tractor to his own use.

Bankrupt answered, and counterclaimed on the ground of breach of warranty, and alleged that he offered to return the said tractor, and demanded repayment to him of the amount he had paid on account. The bankrupt claims that he never sold the tractor, but that the same is now on his place, and may be reclaimed by the creditor.    The creditor claims that the court which granted the judgment found that the bankrupt had sold the said tractor.

The question of whether or not the bankrupt sold the said tractor is of the utmost importance, because, if he did not, the mere conversion thereof would not have been sufficient to have brought the matter within the rule laid down in the cases cited by the creditor.    Kavanaugh v. McIntyre, 210 N. Y. 175, 104 N. E. 135, affirmed 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205; Matter of Stenger (D. C.) 283 Fed. 419, 49 Am. Bankr. Rep. 224.    None of the evidence taken on the trial, nor any findings that may have been made, are before the court on this motion, and it does not follow as a matter of law that the court did find that the bankrupt sold the tractor, because a judgment for conversion might have been granted, even although the sale had not been made by the bankrupt.

I therefore do not feel that I should disregard the contention of the bankrupt that such sale was not made by him, supported as it is, to a

great extent, by the affidavit of the bankrupt's attorney, a reputable member of the bar. On the papers before me, I do not believe that I should find that sufficient has been shown to render the claim of the creditor one which would not be discharged by a discharge in bankruptcy.

As the claim is one which would be dischargeable in bankruptcy, except the sale was made by the bankrupt as claimed, the burden is upon the creditor to show such sale, which she has not done. Matter of Grout, 88 Vt. 318, 92 Atl. 646, Ann. Cas. 1917A, 210, 33 Am. Bankr. Rep. 789. Whether a discharge, if granted to the bankrupt, will release this judgment, cannot be finally determined on this motion. In re Levitan (D. C.) 224 Fed. 241.

At this time it is sufficient to say that, on the record before this court, the judgment creditor has not shown that a discharge, if granted, will not release such liability. If a discharge shall be granted, the question can then be tried out, whether it will prevent enforcement of such judgment. This court has jurisdiction in the bankruptcy proceedings, and should keep the bankrupt free to obey its orders.

The application of the bankrupt is granted, the stay to be in the usual form. Order to be settled on notice.

---

## THE JOY.

(District Court, E. D. New York. April 27, 1923.)

Accord and satisfaction ⊕⟹17—Compromise and settlement ⊕⟹2, 20(2)—Transaction held an unexecuted accord, not a compromise, and not enforceable by party not performing.

Where, to effect immediate settlement of claim for charges for work done on repair contract, it was agreed that contractor should take $5,000 in settlement of his bill, $3,000 of which was paid on account, and $2,000 was to be paid after the work was tested, but after such test the owner did not pay the $2,000, *held*, that this was not a compromise, but an accord without satisfaction, and the owner, not showing performance on his part, could not rely thereon to defeat recovery by the contractor of more than $5,000 for his work.

In Admiralty. Libel by the National Dry Dock & Repair Company, Inc., against the gasoline yacht Joy, her engines, boilers, etc. Judgment for libelant.

Purrington & McConnell, of New York City, for libelant.

Forrest S. Chilton, of Brooklyn, N. Y. (Andrew C. Morgan, of New York City, of counsel), for claimant.