PIETRO VOLTOLINO, Plaintiff, *v.* PASQUALE CANNATTO and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, December 12, 1928.

*Leonard McGee* [*Alfred S. Krellberg* of counsel], for the plaintiff.

*Gustave Schwartz*, for the defendants.

LAUER, J. This is a motion made on behalf of the plaintiff, who is represented by the attorney of the Legal Aid Society, to direct the clerk of the Seventh District Court to enter a judgment and to incorporate therein the statement: "Defendant is liable to arrest and imprisonment on execution." Notice of this motion has been served upon the clerk and upon the attorney for the defendants. Both of these parties default on the present motion. It follows that the motion should be granted on default.

I am asked, however, to write an opinion in the matter by the attorney for the plaintiff herein, who has, from time to time, many cases of a similar nature in which various clerks of the court take a position similar to that taken by the clerk in the instant case.

I am advised that the clerk does not refuse to enter judgment but refuses to enter a judgment which will contain the statement that the "defendant is liable to arrest and imprisonment on execution." The position of the clerk is wholly untenable and he is without justification in taking the position he does.

The case came to me, having been assigned to Part II of the Seventh District Municipal Court, during the month of November, 1928, during which time I was there presiding.

The action is one for wages, on a verified complaint. The defendant having defaulted before me, I directed judgment on the verified complaint, pursuant to the provisions of subdivision 3-a of section 6 of the Municipal Court Code, which amendment became effective September 1, 1928, under chapter 552 of the Laws of 1928. This section provides for "judgment on default on a complaint * * * demanding liquidated damages without taking an inquest, where a party has appeared in an action * * * but does not appear at the time set for the trial thereof." That was precisely the situation in the present case.

As I understand it, the clerk does not refuse to enter the judgment but refuses to enter the judgment with the statement that execution against the person of the defendant should issue. However, section 128 of the Municipal Court Code provides that

" when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket."

The verified complaint shows that the plaintiff has brought himself within the provisions of section 139 of the Municipal Court Code, entitling him to a body execution. This being so and it being a case in which it was proper for the clerk to enter judgment, it necessarily follows that the clerk must enter the proper judgment. It was not a matter of discretion with the clerk whether he would incorporate in the judgment the provision for the body execution. That followed as a matter of right pursuant to the provisions of the statute and the clerk had no discretion whatever as to the form which the judgment should take. This was expressly held in the Appellate Term in this Department in the case of *Etlich* v. *Stock* (67 Misc. 399), where the court held that the provision for a body execution in such a case as this was not discretionary but was mandatory. The opinion of the court, written by Mr. Justice SEABURY, states that " to permit the court to grant or withhold this remedy in its discretion would require us to hold that the statute means something quite different from what it says." That, however, was a case in which the court refused to incorporate the provision for body execution in the judgment. The fact, however, that this is not a case in which proof was taken by the court but is a case which was referred to the clerk by the court for entry of judgment pursuant to the statute does not in any manner, so far as I can see, change the situation respecting the duty of the clerk to enter the *proper* judgment. The proper judgment in this case is the one specified in section 128 of the Municipal Court Code, before quoted. The duty which the clerk is required to perform, *i. e.*, the entry of the proper judgment on default pursuant to the statute is a ministerial duty. The statement as to liability for arrest does not change his act in entering judgment from ministerial to judicial. This statement is an incident of the judgment in a proper case. (*Steamship Richmond Hill Co.* v. *Seager*, 31 App. Div. 288, 290; appeal dismissed, 159 N. Y. 574.) The judgment must take the form which is provided by the statute, and should have contained therein the statement that " defendant is liable to execution against his person."

The clerk is directed to enter the proper judgment, with the words just quoted incorporated therein.