## In re NORDLIGHT.

District Court, S. D. New York.
Jan. 18, 1933.

Paul L. Goldman, of New York City, for Isaac Wagner.

Samuel Kornbluth, of New York City, for bankrupt.

PATTERSON, District Judge.

Wagner sued the bankrupt in the state court for conversion, alleging that he had delivered eggs on consignment and that the bankrupt had refused to return them and had declined to pay for them. He recovered judgment based on conversion and took out body execution. The bankrupt obtained in this court an ex parte stay of further proceedings in the state court pending his application for discharge, and the judgment creditor now moves to vacate the stay. It being clear under section 11 of the Bankruptcy Act (11 USCA § 29) that the suit should be stayed if the claim is of the sort released by a discharge in bankruptcy, the only question is whether this judgment for conversion on the part of a consignee of goods will be affected by a discharge of the defendant in bankruptcy.

◼ The bankrupt argues that conversion is not a liability for "willful and malicious injuries to the person or property of another" within section 17 of the act (11 USCA § 35), and cites some old cases to that effect. Whatever doubt may formerly have existed on the point was settled by McIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 61 L. Ed. 205, holding that the wrongful sale by a bailee of property intrusted to his possession constituted a willful and malicious injury to property. That was an instance of conversion by stockbrokers of securities held as security for customers' margins, but the principle applies equally to a sale by a consignee of goods delivered to him on consignment followed by refusal to pay over the price to the consignor. Baker v. Bryant Fertilizer Co. (C. C. A.) 271 F. 473; In re Stenger (D. C.) 283 F. 419; Remington on Bankruptcy, § 3552. There may be cases where the conver-

sion is unintentional or accidental and the liability therefor would be dischargeable. See In re Kneski (D. C.) 290 F. 406. But here it appears from the affidavit of the bankrupt's attorney that the only issue at the trial in the state court was whether the delivery of the goods was on consignment or on outright sale. That issue was decided against the bankrupt in the state court, and its decision is of course binding here as to the character of the judgment which was recovered.

The motion to vacate the stay will be granted.