Rose Russ, Plaintiff, *v.* Concord Casualty and Surety Company, Defendant.

City Court of New York, Bronx County, May 23, 1933.

*Fred Flatow*, for the motion.

*Louis Pressman*, opposed.

DONNELLY, J. Motion to dismiss the complaint upon the grounds (1) that it fails to allege, as provided in section 871 of the Civil Practice Act, that an execution against the property of Morris Russ has been issued to the sheriff of the county in which he was arrested, and (2) that the execution against the person of the said Russ was returned by the sheriff of the county in which he was arrested in less than fifteen days after its receipt.

This action is upon a bond issued by the defendant to release the said Russ, who was the defendant in an action in the Supreme Court wherein Rose Russ was the plaintiff and wherein the said Russ was arrested upon an order of Mr. Justice MCGEEHAN, dated the 29th day of August, 1932, which said order of arrest was granted pursuant to section 827 of the Civil Practice Act.

The order of arrest was granted in a matrimonial action and was based upon the fact that the defendant was about to depart from the jurisdiction of the court. Pursuant to said section, the order of arrest could be granted only by the court.

By section 870 of the Civil Practice Act it is provided: " In case of failure to comply with the undertaking, bail may be proceeded against by action, and not otherwise." By the following section of the Civil Practice Act it is provided: " An action may be brought, as prescribed in the last section, in a case where the order of arrest could be granted only by the court, *at any time after the bail have failed to comply with their undertaking.*" (Italics mine.) The language just quoted is the only part of the section which is pertinent to this motion. The other portions of the statute, which provide for the issuance and the return unsatisfied of an execution against the property of the defendant and for the issuance of an execution against the person of the defendant and the return thereof by the sheriff that the defendant could not be found within his county, have no application. Those provisions, with the exception of the one dealing with an undertaking given to recover a chattel, clearly refer to those actions in which the order of arrest was granted by a justice of the court as distinguished from one which could be granted only by the court. (*Wintner* v. *National Surety Co.*, 120 Misc. 613.) At bar, the action is based upon and is in full conformity with the law as laid down in *Talbot* v. *New Amsterdam Casualty Co.* (237 N. Y. 245, 248). In that case the court said: " We think the bail is liable. The defendant has undertaken that its principal will obey the direction of the court contained in

an order or judgment requiring him to perform the acts there specified. He has not obeyed those terms. * * * The defendant has also undertaken that in default of obedience, the principal will at all times render himself amenable to proceedings to punish him for the omission. This also he has not done. An order has been made, and by absenting himself when sought, he has frustrated its enforcement. In theory of law the principal is in the custody of his bail. (*Toles* v. *Adee*, 84 N. Y. 222, 240.) The duty of the bail is to produce him when his presence is essential to the enforcement of the judgment."

Motion denied, with ten dollars costs. Order filed.