## In re KIMBROUGH.

### No. 22260.

District Court, W. D. New York.

Nov. 5, 1934.

Lawrence Kogel, of Buffalo, N. Y., for bankrupt.

Buecking & Sengbusch, of Buffalo, N. Y., for objecting creditor.

KNIGHT, District Judge.

This is a motion to restrain the objecting creditor, the H. L. Braham & Co., Inc., from proceeding upon a garnishee execution issued upon a judgment recovered by it against the above-named bankrupt for $555.22 on September 19, 1931. Garnishee execution has been issued and served upon the employer of the judgment debtor.

■ Section 17 of the Bankruptcy Act (11 USCA § 35) specifically exempts from a dis-

charge debts which "are liabilities for obtaining property by false pretenses or false representations." The sole ground for the contention that proceedings on this judgment should be restrained is that the judgment was entered by default. Bankrupt bases this claim upon sections 339, 479, 485, 486, 487, 489, and 490 of the Civil Practice Act of New York. Section 339 applies to cases in which an answer has been interposed and has no application here. Section 479 provides that the judgment entered on default shall not be more favorable than that demanded in the complaint. I see no basis for the claim that the judgment herein is more favorable to the judgment creditor than was demanded in the complaint. Section 485 contains provisions under which a judgment may be entered by default. The complaint sets forth two alleged causes of action, each of which consists of the breach of an express contract to pay absolutely a certain sum of money for which judgment is asked. Even though plaintiff was not entitled to enter judgment as upon a default, such entry was a mere irregularity. It stands as regular until set aside.

McClelland v. Climax Hosiery Mills, 252 N. Y. 347, 169 N. E. 605, and the other cases cited in behalf of the bankrupt are not parallel. They are cases in which the damages were unliquidated or not fixed specifically. Steamship Richmond Hill Co. v. Seager, 31 App. Div. 288, 52 N. Y. S. 985, 987, appeal dismissed 159 N. Y. 574, 54 N. E. 1095, is directly in point. There the complaint alleged the collection of money in a fiduciary capacity and the failure to pay it over to the owners. Defendant did not answer or demur. Execution against the property and execution against the person were issued. The lower court held that entry of judgment by default was improper. The Appellate Division reversed, and, among other things, the court there said: "The right, however, of the plaintiff, to enter judgment without application to the court, is not made by the Code dependent upon the remedy appropriate to enforce the judgment. By section 420 of the Code of Civil Procedure (485 Civil Practice Act) it is provided that judgment may be taken without application to the court, where the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay money received or disbursed, and thereupon demands judgment for a sum of money only." In re Stark (D. C.) 50 F.(2d) 260, discloses a comparable situation. A creditor brought an action against the then bankrupt to recover moneys claimed to have been procured to be loaned by reason of false and fraudulent representations. No answer was interposed. Default was taken. The decision speaks of the action as one for money had and received and clearly indicates the view of the court that judgment was properly entered on default. There the judgment was recovered in New York state. The court held that this complaint alleged fraud in contracting the liability and that therefore it is not dischargeable in bankruptcy.

Sections 486, 487, 489 apply to the procedure where judgment may be taken by default, and 490 applies to those cases in which judgment may be granted by the court where the application to the court upon default is necessary. It is clear that the question at issue involves only the effect of section 485 of the Civil Practice Act.

The motion therefore to restrain proceedings upon the judgment aforesaid is denied.