**In re FULLER.**

No. 9457.

District Court, M. D. Pennsylvania.

Feb. 27, 1937.

Jonathan C. Valentine, of Wilkes-Barre, Pa., for petitioner.

Francis J. Murray, of Wilkes-Barre, Pa., for respondent.

JOHNSON, District Judge.

This is a petition and rule to revoke an order restraining the sheriff of Luzerne county from executing a writ of capias ad satisfaciendum against the person of the bankrupt.

On or about May 28, 1936, one Reba Smith secured a judgment in the court of common pleas of Luzerne county against Fuller, the bankrupt, on an action in trespass for the fraudulent conversion of two bonds. A writ of fi. fa. with a ca. sa. clause was issued against Fuller, who was lodged in jail. He thereupon made an assignment of his assets for the benefit of his creditors, and was released from jail pending his discharge under the State Insolvency Law. The court of common pleas of Luzerne county refused to grant him a discharge because he had concealed certain of his assets and on November 18, 1936, directed the sheriff to commit him to jail. In the meantime Fuller filed a voluntary petition in bankruptcy and on November 24, 1936, secured an order from this court restraining the sheriff from executing the writ pending hearing on Fuller's petition for discharge in bankruptcy. Reba Smith, the judgment creditor, then presented the petition now before the court to revoke the restraining order.

The question here is whether the debt arising out of the fraudulent conversion of bonds is dischargeable under the Bankruptcy Act. If it is not dischargeable, the restraining order should be revoked.

Section 17 of the Bankruptcy Act as amended (11 U.S.C.A. § 35) provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another."

The "liability for a conversion which shows a design or willingness to inflict wrong upon another, or the reckless disregard of the rights of another, is not dischargeable, it being within the exception of liabilities for 'wilful and malicious injuries to the person or property of another.'" Gilbert's Collier on Bankruptcy (4th Ed.) § 545, p. 363; Remington on Bankruptcy (3d Ed.) § 3552; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 40, 61 L.Ed. 205. In the latter case the court defined a willful and malicious injury as follows: "A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception."

The nature and character of the debt and whether it is released by a discharge in bankruptcy is determined by the pleadings, judgment, and decision of the state court. In re Adler (C.C.A.) 152 F. 422; Peters v. U. S. ex rel. Kelley (C.C.A.) 177 F. 885; In re Nordlight (D.C.) 3 F. Supp. 486; In re Burchfield (D.C.) 31 F. (2d) 118; Gilbert's Collier on Bankruptcy (4th Ed.) § 544. That the present fraudulent conversion of the bonds was a willful and malicious injury to property appears from the opinion of the state court refusing a discharge to the defendant Fuller, wherein the court refers to "the present sorrowful situation which has been created by the defendant's deceitful conduct and by a too hasty repose of confidence in the defendant by the plaintiff." The record shows that the fraudulent conversion of the bonds by the bankrupt was a willful and malicious injury to the property of another, within the meaning of the Bankruptcy Act, and accordingly the debt arising therefrom is not dischargeable under the Bankruptcy Act. The restraining order therefore must be revoked.

And now, February 27, 1937, the petition to revoke the restraining order is sustained, the rule thereon is made absolute, and the order restraining the sheriff of Luzerne county from executing the writ of capias ad satisfaciendum against the bankrupt is revoked.