## In re KIMMEL.

District Court, S. D. New York.
May 24, 1939.

Schatz, Holober & 'Phillips, of New York City (Charles Holober, of New York City, of counsel), for bankrupt.

Arthur L. Newman, II, of New York City (Herbert E. Kaufman, of New York City, of counsel), for judgment creditor.

CLANCY, District Judge.

This is a motion to vacate a stay of the collection of a judgment entered in the Municipal Court against the bankrupt.

The complaint in the Municipal Court was endorsed on the summons and stated an action for conversion. On the face of the summons was a claim that the defendant was liable to arrest. Defendant, the bankrupt, defaulted. The judgment was entered according to the recitals on its face upon an inquest taken before the Clerk of the Municipal Court. Bankrupt admits having made some payments on account

of the debt after service and before entry of judgment. This all transpired in the years 1933 and 1934.

We shall grant the motion to vacate the stay. While the judgment apparently was entered by the Clerk after an inquest taken before him, the sole record of its basis before me is the complaint which alleges a consignment agreement, a delivery of goods to defendant for sale as plaintiff's agent, a sale by defendant, a failure to account and a conversion to defendant's own use of the monies received. These allegations of fact were admitted by defendant's default in answering. Steamship Richmond Hill Co. v. Seager, 31 App.Div. 288, 52 N.Y.S. 985. The Municipal Court record, as it stands, discloses a debt which would not be discharged in bankruptcy. In re Nordlight, D.C., 3 F. Supp. 486; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205. We think the judgment creditor has borne the burden of proof; that the bankrupt's admissions by default create a situation analogous to that in Re Bernard, 2 Cir., 87 F. 2d 705, rather than that in Re Millkofsky, D.C., 17 F.Supp. 127, upon which the bankrupt relies. In the latter case, the assignment by the bankrupt of a conditional sales contract to his creditors, we think, indicated transparent negligence and maybe innocence. The bankrupt here, by affidavit, asserts like facts but they are denied by the creditor and contradicted by the record in the Municipal Court which forbids our further investigation.

The bankrupt wishes us to assume that the fact of an inquest taken before the Clerk indicates a waiver of the cause of action for conversion and the entry of judgment on the implied contract to repay the price of the goods. Even though the Clerk of the Municipal Court were not authorized to enter a judgment for conversion under Civil Practice Act, § 485, it would be an irregularity which in this Court does not vitiate the judgment. There is no evidence to support an assumption that the entry of judgment indicated a waiver of the conversion or an election of remedies or an estoppel of any kind. The only evidence of the nature of the defendant's obligation which was reduced to judgment is the complaint.

Whether or not the Municipal Court may be willing to hear the bankrupt's contention at this late date under the procedure set out in Bank of Williamsville v. Amherst Motor Sales, 234 App.Div. 261, 254 N.Y.S. 825, is for that Court to determine if the question is not otherwise presented.

Motion granted.