Rowe, J.
This is an action of tort for conversion of proceeds of sale of goods delivered to the defendant on assignment. The defendant was adjudicated a bankrupt and received his discharge in bankruptcy. His contention is that thereby he was released from liability on the present cause of action. The plaintiff contends that the case falls within Sec. 17, clause 2 of the Bankruptcy Act excepting from discharge, liabilities for “willful and malicious” injuries to the property of another. The defendant replies that on the facts of this case there is not sufficient evidence on which to base a finding that there was a “willful and malicious” injury to the property of the plaintiff. The trial judge found for the plaintiff.
Briefly summarized, there was evidence that the defendant received goods from the plaintiff on consignment, to sell them and send proceeds of sale to the plaintiff, that the defendant told the plaintiff’s representative that he *373 had sold the goods, but did not have the money obtained at their sale, and further, the trial judge was justified in finding, as he did, that the defendant did not send the plaintiff the proceeds required, but used them for other purposes and that there was a conversion of this money.
The question as argued before us is not as to whether there was a conversion of the proceeds of sale, but the defendant contends that his above mentioned acts with reference to the proceeds, if a conversion, cannot be deemed as constituting acts with reference to the property of the plaintiff which are “willful and malicious” injuries.
In view of what was said in Clair v. Colmes, 245 Mass. 281 the contention of the defendant cannot be sustained. It was there stated at page 285, “the liabilities for ‘willful and malicious injuries, ’ which are excepted from the operation of a discharge in bankruptcy under said sec. 17, cl. 2 relate generally to torts and not to breaches of contract. (Cases cited.) However, it was held in McIntyre v. Kavanaugh, 242 U. S. 138 that a broker who sells and appropriates the proceeds of corporate stocks in excess of the debt secured thereby, without the knowledge or consent of their owner is guilty of willful and malicious injury to property within the meaning of said cl.2 of sec. 17; and that his liability is not released by a discharge in bankruptcy. On the authority of that case it was decided in Baker v. Bryant Fertiliger Co., 271 Fed. 473, that one who misappropriates the proceeds of collections obtained in selling goods furnished to him under an agreement that the goods and their proceeds were to be the property of the plaintiff, was not released by a discharge in bankruptcy * * * Under the controlling construction given to this section of the bankruptcy act by the federal courts, the defendant’s discharge in bankruptcy would not release him from his liability for the alleged fraudulent misappropria *374 tíon and conversion of the plaintiff’s property., And we cannot say as matter of law on-this record that the plaintiff waived his legal rights in this suit by proving his claim against the bankrupt estate.”
Report dismissed.